[Civ. No. 29922. First Dist., Div. Three. June 29, 1972.]

DANIEL J. SOBY, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD, CITY OF
RICHMOND et al., Respondents.

## COUNSEL

Marcus & Ury and Maurice S. Marcus for Petitioner.

Rupert A. Pedrin, Richard E. Ryan and Philip M. Miyamoto for Respondents.

## OPINION

**DRAPER, P. J.—** Petitioner served for 23 years as a fireman for the City of Richmond. He retired May 30, 1968 for physical disabilities arising only from defects of vision and hearing. On September 21, 1969, more than 15 months after his retirement, he sustained a myocardial infarction which was disabling. After hearing before a referee, he was awarded temporary and permanent disability allowance. Respondent board granted reconsideration and awarded applicant only litigation expense, denying any disability award. The board considered only the question whether applicant's heart trouble arose out of his employment. Having determined that issue against him, it did not determine other issues raised by the petition for reconsideration.

Under the statute (Lab. Code, § 3212) "In the case of members of . . . fire departments of cities . . . 'injury' . . . includes . . . heart trouble which develops or manifests itself during a period while such member is in the service of such . . . department . . . .

"Such . . . heart trouble . . . so developing or manifesting itself . . . shall be presumed to arise out of and in the course of the employment. This presumption is disputable and may be controverted by other evidence, but unless so controverted, the appeals board is bound to find in accordance with it."

It is undisputed that applicant had not, until his post-retirement heart attack, had any chest pains, shortness of breath, high blood pressure, or other manifestation of heart trouble. Physical examinations had revealed no evidence of any heart ailment. After the attack, however, diagnosis established that applicant had coronary arteriosclerosis, a building up of deposits which constrict the blood vessels, and which over a long period may cause an infarction. There is no direct medical testimony that arteriosclerosis either can or cannot be detected before a heart attack occurs, but it was not so detected in applicant. There is evidence that arteriosclerosis in many persons never reaches the point of causing heart attacks.

The board, in its opinion on reconsideration, ruled that " 'heart trouble which develops or manifests itself' must be interpreted to mean heart trouble which becomes symptomatic." But it is semantically clear that what has "become symptomatic" has "manifested" itself. Thus the board treats "developed" and "manifested" as synonymous. But in section 3212 the Legislature has thrice repeated the disjunctive phrase applying the presumption of employment causation to heart trouble which "develops or manifests itself" during the employment. The legislative intent to assign different and distinct meanings to the words "develop" and "manifest" seems clear.

The precise phrase, although in a different application, has been construed. "Obviously, heart disease may develop without manifesting itself. It may develop as an unrecognized, undiagnosed asymptomatic condition, . . ." (*State Employees' Retirement System* v. *Workmen's Comp. App. Bd.*, 267 Cal.App.2d 611, 616 [73 Cal.Rptr. 172]; see also *Stephens* v. *Workmen's Comp. Appeals Bd.*, 20 Cal.App.3d 461, 465 [97 Cal.Rptr. 713]).

If heart trouble can develop only when it manifests itself, i.e., becomes symptomatic, the legislative use of the word "develops" as well as its repeated use of the disjunctive "or" is ignored. Yet we must presume that "every word, phrase and provision employed in a statute is intended to have meaning and to perform a useful function" (*Clements* v. *T. R. Bechtel Co.*, 43 Cal.2d 227, 233 [273 P.2d 5], and cases there cited; see Code Civ. Proc., § 1858). Some definitions of the word "develop" do imply some visible manifestation, but to adopt them here would be to ignore the statutory use of the word as a disjunctive distinction from the words "manifest itself." Although this construction is the more reasonable, it would prevail even if the board's view were equally reasonable, since that which we suggest extends the benefits of the act to the worker (Lab. Code, § 3202; *Laeng* v. *Workmen's Comp. Appeals Bd.*, 6 Cal.3d 771, 777-778 [100 Cal.Rptr. 377, 494 P.2d 1]).

The matter must be remanded to the board for determination, under the proper standard, whether applicant's heart trouble developed during the period of his employment as a fireman, and, if that issue be determined in his favor, of the remaining issues raised by the petition for reconsideration.

The take nothing award is annulled, and the case is remanded to the board.

Brown (H. C.), J., and Caldecott, J., concurred.