[Civ. No. 38325. First Dist., Div. Two. Aug. 20, 1976.]

KAISER FOUNDATION HOSPITALS, PERMANENTE
MEDICAL GROUP, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
DEPARTMENT OF GENERAL SERVICES et al., Respondents.

[Civ. No. 38369. First Dist., Div. Two. Aug. 20, 1976.]

OTIS H. SPARKS, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
DEPARTMENT OF GENERAL SERVICES et al., Respondents.

COUNSEL

Airola & Ringgold, Kathryn E. Ringgold, Hays & Petersen and Seth J. Kelsey for Petitioners.

T. Groezinger, James J. Vonk, George S. Bjornsen, and Richard A. Krimen for Respondents.

OPINION

**TAYLOR, P. J.**—Otis Sparks, an applicant for workers' compensation benefits, and Kaiser/Permanente, a lien claimant, seek review of an order of the Workers' Compensation Appeals Board which denied their petitions for reconsideration. The matter arose as follows:

Otis Sparks was employed as a member of the California State Police from May 2, 1949, through January 31, 1972, at which time he retired, after almost 23 years of service. On May 17, 1973, over a year after his retirement, he suffered a heart attack. Sparks contended that he was entitled to the presumption that his heart trouble arose out of and in the course of his employment pursuant to Labor Code section 3212.3, which became effective on March 7, 1973, two months before the date of his injury, and extended the benefit of the presumption to state police officers.[1] The board refused to apply the presumption and resolved a

---

[1]Labor Code section 3212.3 reads as follows: "In the case of a member of the California State Police who has graduated from an academy certified by the Commission on Peace Officer Standards and Training, when any such member is employed upon a regular, full-time salary, *the term 'injury,'* as used in this division, *includes heart trouble* and pneumonia *which develops or manifests itself during a period while such member is in the service of the California State Police.* The compensation which is awarded for such heart trouble or pneumonia shall include full hospital, surgical, medical treatment, disability indemnity, and death benefits as provided by the provisions of this division.

"Such heart trouble or pneumonia so developing or manifesting itself *shall be presumed to arise out of and in the course of the employment.* However, the member of the California State Police shall have served five years or more in such capacity before the presumption shall arise as to the compensability of heart trouble so developing or manifesting itself. *This presumption is disputable and may be controverted by other evidence, but unless so controverted, the appeals board is bound to find in accordance with it.*

"Such heart trouble or pneumonia so developing or manifesting itself in such cases *shall in no case be attributed to any disease existing prior to such development or manifestation.*

"The term 'members' as used herein shall be limited to those employees of the California State Police who are defined as peace officers in Section 830.2 of the Penal Code." (Italics added.)

conflict in the medical evidence in favor of the respondents. Kaiser/Permanente provided medical treatment to Sparks and seeks review in its own right; we ordered the matters consolidated.

In denying reconsideration, the board noted that Sparks had last worked January 31, 1972, and that at the time Labor Code section 3212.3 became effective "applicant was not engaged in any duties pertaining to his former position as a State Police Officer. It would be giving this section a retroactive effect to have it apply to applicant . . . ."

█ It is well settled that the statutory presumption becomes operative once it has been established that the heart trouble developed *or* manifested itself during the period of service in the public agency (*State Employees' Retirement System* v. *Workmen's Comp. App. Bd.* (1968) 267 Cal.App.2d 611, 616-617 [73 Cal.Rptr. 172]; *Gillette* v. *Workmen's Comp. Appeals Bd.* (1971) 20 Cal.App.3d 312, 319-320 [97 Cal.Rptr. 542, 893]; *Stephens* v. *Workmen's Comp. Appeals Bd.* (1971) 20 Cal.App.3d 461, 465 [97 Cal.Rptr. 713]).

In *Soby* v. *Workmen's Comp. Appeals Bd.* (1972) 26 Cal.App.3d 555 [102 Cal.Rptr. 727], a fireman sustained a myocardial infarction more than 15 months after retirement. The board denied benefits, ruling that " ' "heart trouble which develops or manifests itself" must be interpreted to mean heart trouble which becomes symptomatic.' " (P. 557.) The court, quoting *State Employees' Retirement System* v. *Workmen's Comp. App. Bd., supra,* noted that " 'Obviously, heart disease may develop without manifesting itself. It may develop as an unrecognized, undiagnosed asymptomatic condition, . . .' " (P. 557.) *Soby* recognized a legislative intent to assign different and distinct meanings to the words "develop" and "manifest." █ It is clear from *Soby* that an employee who comes within the provisions of the statute may recover benefits for heart trouble which "develops" during employment years even though the heart trouble does not "manifest" itself and result in disability until after retirement.[2]

Labor Code section 5412 reads as follows: "The date of injury in cases of occupational diseases or cumulative injuries is that date upon which the employee *first suffered disability therefrom* anu either *knew,* or in the exercise of reasonable diligence should have known, that such disability

---

[2]The statute under consideration in *Soby* was Labor Code section 3212; that language is comparable to the language contained in Labor Code section 3212.3 here under consideration.

was caused by his present or *prior* employment." (Italics added.) Heart disease in peace officers falls under section 5412 and the date of injury is the date of the employee's disability with knowledge of its causation (*Hanna* v. *Workmen's Comp. Appeals Bd.* (1973) 32 Cal.App.3d 719, 723 [108 Cal.Rptr. 227].)

Petitioner first suffered disability on May 17, 1973, the date of his heart attack. On that date, he became aware for the first time that his disability was caused by his prior employment. Petitioner's right to seek compensation benefits came into existence on May 17, 1973, the date of injury under the provisions of section 5412. Section 3212.3 was in effect on the date of injury, and petitioner came within the provisions of section 3212.3 in that he had served five years or more as a member of the California State Police before his heart trouble resulted in disability.

The record shows that Dr. Bertram M. Meyer, reporting on behalf of petitioner, expressed the opinion that petitioner's heart trouble developed predominately during his long years of employment as a police officer, and that the stresses and strains associated with petitioner's occupation were contributing factors. Dr. Irwin Weinreb, on the other hand, reporting on behalf of respondent, State Compensation Insurance Fund, opined that petitioner's disease was the result of a *long-standing, slowly progressive arteriosclerotic process,* which was brought about by several risk factors, mainly hypertension, diabetes, exogenous obesity, poor dietetic habits, and a family history which contributed genetically, and that petitioner's occupation did not contribute in any way to the development of the disease.

The foregoing evidence is sufficient to establish that the heart trouble *developed* during the period May 2, 1949, through January 31, 1972, while petitioner was in the service of the California State Police. This was all that was necessary to activate the presumption, there being no dispute about the fact that petitioner otherwise met the provisions of Labor Code section 3212.3. ■ When facts giving rise to the presumption have been proved at the outset, the burden of proof to negate the presumption falls upon the employer (*Gillette, supra,* pp. 320-321), and it has been held that it is impermissible for a compensation carrier to wipe out the presumption by seeking out a doctor whose beliefs preclude its possible application (*Stephens, supra,* pp. 467-468).

■ We conclude that petitioner was entitled to the benefit of the presumption, and that to afford petitioner the benefit of the presump-

tion, under the circumstances shown here, does not result in retroactive application of the statute.

The order dated January 2, 1976, is annulled, and the cause is remanded to the board for further proceedings consistent with the views herein expressed.

Kane, J., and Bray, J.,* concurred.

The petition of respondents Department of General Services and State Police for a hearing by the Supreme Court was denied October 14, 1976.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.