[Civ. No. 29703.   Second Dist., Div. Two.   Mar. 21, 1966.]

WINIFRED D. DAVISON, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, MEMORIAL HOSPITAL OF LONG BEACH et al., Respondents.

Byhower, Longley & Vaughan and Richard W. Petherbridge for Petitioner.

Everett A. Corten, Edward A. Sarkisian, Weingand, Kendig & Stockwell and Rex Thomas for Respondents.

FLEMING, J.—The issue is one of statutory construction of the penalty provision for delay in the payment of workmen's compensation. (Lab. Code, § 5814.) Petitioner seeks to annul an order of the commission denying her request for the imposition of a second penalty.

In 1962 petitioner sustained injuries in the course of her employment and was awarded temporary disability benefits, medical treatment, and medical-legal costs.

In June 1964 she was awarded continuing temporary disability benefits of $41.32 per week, further medical treatment, reimbursement for self-procured medical treatment, and additional medical-legal costs.

In October 1964 petitioner secured the imposition of a 10 percent penalty for unreasonable delay in the furnishing of medical treatment, an award which increased her weekly disability benefits by $4.13 to $45.45.

In April 1965 petitioner requested a second 10 percent penalty for further unreasonable delay in furnishing the medical treatment ordered in June 1964, and sought to have her temporary disability benefits increased by $4.55 to $50 weekly ($45.45 plus $4.55). The commission determined that under the statute only one 10 percent penalty for delinquency could be imposed, even if further unreasonable delay followed the imposition of a prior penalty. It suggested that petitioner's remedy for the employer's unreasonable delay in providing medical treatment was to procure it herself and seek reimbursement from her employer. We granted review.

Labor Code, section 5814, reads: "When payment of compensation has been unreasonably delayed or refused, either prior or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board [formerly "commission"] in accordance with the facts. Such delay or refusal shall constitute good cause under Section 5803 to rescind, alter or amend the order, decision or award for the purpose of making the increase provided for herein."

The sole question before us is whether the statute authorizes more than one 10 percent penalty in a single proceeding. Petitioner argues the statute is remedial and should be liberally construed, that its language does not restrict it to a single penalty, and that the statute requires multiple penalties in order to carry out the purposes of the act. Respondents argue the statute contains no specific language authorizing successive penalties, that it is penal in nature and should be strictly construed, and that a principle of strict construction rejects any imposition of penalties by implication.

First, do the words of the statute require any construction at all? If the words are clear and unambiguous it is our duty to follow the plain language of the statute and there is no necessity for any construction. (Code Civ. Proc., §§ 1858, 1859.) A literal reading of the statute gives an inconclusive answer to the question of successive penalties. The text of the statute simply states that *when* there has been unreasonable delay or refusal in the payment of compensation the full amount of the award shall be increased by 10 percent. The word *when* in the statute refers to a condition which may occur any time after the obligation to make payments has accrued, but there is no indication whether or not the condition may occur more than once and thus give rise to successive penalties.

Respondents argue we should be guided by the principle of interpretation which requires a strict construction of statutes which impose penalties. (*Walsh* v. *Department of Alcoholic Beverage Control,* 59 Cal.2d 757, 764-765 [31 Cal.Rptr. 297, 382 P.2d 337]; *DeMille* v. *American Federation of Radio Artists,* 31 Cal.2d 139, 156 [187 P.2d 769, 175 A.L.R. 382].) This argument asks us to ignore the specific direction in the Workmen's Compensation Act that it "be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their

employment.'' (Lab. Code, § 3202.) ■ We think a rule of liberal construction is applicable to all aspects of workmen's compensation, including penalties. ■ On this basis we conclude the commission erred in restricting its authority to a single penalty.

■ The broad purpose of workmen's compensation is to secure an injured worker seasonable cure or relief from industrially caused injuries in order to return him to the work force at the earliest possible time. ■ Compensation embraces every benefit or payment to which an injured employee is entitled, including reasonably required medical, surgical, and hospital treatment. (*Hockett* v. *Industrial Acc. Com.*, 170 Cal. App.2d 155, 157 [338 P.2d 604].) The penalty for unreasonable delay in the payment of compensation is designed to help an employee obtain promptly the cure or relief he is entitled to under the law, and to compel his employer to provide this cure or relief in timely fashion.

■ In our view section 5814 is both remedial and penal. The remedial aspect is to encourage the return of injured workers to their employment as quickly as possible. The penal aspect is to compel the employer to comply with the law fully and promptly. Conceding that the statute imposes a penalty to secure compliance and hence is penal in nature, we fail to see why it should not apply to a second delinquency, or to a third delinquency, without a specific statement in the law to that effect. The penalty is designed to secure timely payment of compensation, and if timely payment is not forthcoming after a first penalty a further penalty may run in order to cure the mischief. Were the threat of penalty limited to a single instance of delinquency, an employer or insurer who had unreasonably delayed payment of compensation and been assessed a 10 percent penalty could thereafter procrastinate indefinitely, subject only to the accrual of interest at the statutory rate. Having done its worst, the law could nothing touch a delinquent further. For deterrent effect a penalty must have a prospective operation. We give the penalty section its intended deterrent effect and carry out the statute's basic policy of liberal construction by holding that successive delays in the payment of compensation may give rise to the imposition of successive penalties.

■ Nevertheless, the language of the statute does not permit a penalty on a penalty. Under the statute each unreasonable delay calls for a flat 10 percent increase on the full amount of the original compensation. A prior penalty

would be akin to an award of costs and not a part of the compensation subject to increase. (*Hockett* v. *Industrial Acc. Com.*, 170 Cal.App.2d 155 [338 P.2d 604].) The amount of any given penalty remains limited to 10 percent of the original award.

The order denying a penalty is annulled, and the cause remanded to the appeals board with directions to determine the propriety of a second penalty award.

Roth, P. J., and Herndon, J., concurred.