[Civ. No. 9875.  Fourth Dist., Div. Two.  Dec. 16, 1969.]

PHIL RAMSEY, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
HUMKO PRODUCTS et al., Respondents.

694

■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■

## COUNSEL

Rose, Klein & Marias and Howard A. Gebler for Petitioner.

Everett A. Corten, Nathan Mudge, Sheldon M. Ziff, Weingand, Kendig & Stockwell and Joseph J. Gleason for Respondents.

## OPINION

**TAMURA, J.**—Petitioner seeks review and annulment of an order of the Workmen's Compensation Appeals Board denying his petition for reconsideration of a supplemental decision awarding permanent disability benefits. The sole issue raised by the petition is whether the board, in imposing the penalty provided by section 5814 of the Labor Code, should have applied the 10 percent penalty to temporary disability and other benefits previously awarded as well as to the permanent disability indemnity.

On May 26, 1967, petitioner, while employed by respondent Humko Products, sustained an injury consisting of a pulmonary disorder. He returned to work on June 27, 1967, and, except for the period November 19, 1967, to February 1968, continued working until July 1, 1968, when he again became disabled as a result of the injury. The employer's carrier, respondent Ideal Mutual Insurance Company, voluntarily provided temporary disability indemnity for the period May 26, 1967, to June 27, 1967, but made no other voluntary payments.

On July 9, 1968, petitioner filed an application for adjudication of his claim. The matter was heard on September 10, 1968, and findings and award issued on October 11, 1968. The referee made an award of temporary disability indemnity for the period May 26, 1967, to June 26, 1967, and from July 1, 1968, to September 10, 1968, and continuing thereafter at the rate of $70 per week, less credit for payments theretofore voluntarily made.[1]

Respondent carrier paid temporary disability payments pursuant to the award through November 25, 1968. On December 5, 1968, it filed a

---

[1]The award also included medical treatments, reimbursement for self-procured medical, and an award for medical-legal costs.

■■■■■■■■■

petition to terminate liability for temporary disability on the ground that petitioner was able to return to work. The carrier thereupon ceased making payments.

The petition to terminate liability came on for hearing on January 27, 1969, at which time petitioner herein raised the issues of need for lifetime medical treatment and penalty for unreasonable refusal to make compensation payments. Further hearings were held and on June 2, 1969, the referee issued his "Supplemental Decision" in which he found that temporary disability terminated on December 11, 1968, that the injury resulted in permanent disability of 74 percent as of December 19, 1968, and that petitioner was in need of lifetime medical care. In addition, the referee found that respondent unreasonably delayed furnishing benefits and that a 10 percent penalty should be imposed on all benefits payable after December 5, 1968, except as to amounts awarded as reimbursement for medical-legal costs. An award was made in accordance with the findings.

In his written opinion, the referee stated that a penalty for unreasonable delay should be imposed because (1) respondent terminated temporary disability on December 5, 1968, and made no further payments for at least three and one-half months and (2) there was no reasonable basis to deny benefits inasmuch as respondent's own medical reports established the fact that petitioner had suffered substantial permanent disability.

Petitioner sought reconsideration of the "Supplemental Decision" on the ground that the 10 percent penalty should have been imposed on the temporary disability and other benefits previously awarded on October 11, 1968, (except as to medical-legal costs) as well as on the benefits awarded as of December 5, 1968. The referee recommended reconsideration of the penalty issue but the board denied the petition.[2]

In its opinion and order denying reconsideration, the board stated: "It clearly appeared from the medical reports in the possession of defendant carrier that applicant was entitled to either temporary disability indemnity or permanent disability indemnity when it stopped paying compensation. The referee was warranted in finding that the payment of compensation was unreasonably delayed." However, the board concluded that the penalty could not be applied to the benefits which had been previously awarded on October 11, 1968. The board stated: "It is not proper to apply the 10 per cent penalty to payments which are not properly a part of the later award.

---

[2]Respondents also petitioned for reconsideration contending that they were denied the opportunity to present evidence on the issue of unreasonable delay and that the evidence did not support the finding that petitioner was limited to sedentary work. Respondents' petition was denied.

(*Vogh* v. *W.C.A.B.*, 33 C.C.C. 491, 494.) The delay penalty applies to all compensation awarded in the decision assessing the penalty, but does not apply to a separate decision issued at another time awarding a different species of compensation. (*Roche* v. *Navajo Freight Lines, Inc.*, 34 C.C.C. 7.) The delay penalty does not reach back to benefits timely provided prior to the delay if the benefits are not a part of the later award assessing the penalty. (*Lewis* v. *Ellay Rubber Company*, 34 C.C.C. 253.)"

Thus, the limited question before us is whether the 10 percent penalty should have been imposed upon the benefits awarded on October 11, 1968, as well as upon the benefits commencing as of December 5, 1968.

Section 5814 of the Labor Code provides: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the *appeals board* in accordance with the facts. Such delay or refusal shall constitute good cause under Section 5803 to rescind, alter or amend the order, decision or award for the purpose of making the increase provided for herein."

■ The provisions of section 5814, as is true of all other provisions of the Workmen's Compensation Act, must be liberally construed "with the purpose of extending their benefits for the protection of persons injured in the course of their employment." (Labor Code, § 3202; *Langer* v. *Workmen's Comp. App. Bd.*, 258 Cal.App.2d 400, 404 [65 Cal.Rptr. 598]; *Davison* v. *Industrial Acc. Com.*, 241 Cal.App.2d 15, 17-18 [50 Cal.Rptr. 76].) ■ The section was designed to compel the employer to comply with the law fully and promptly and thereby aid the employee in obtaining the cure or relief to which he is entitled without delay. (*Davison* v. *Industrial Acc. Com., supra*, p. 18.)

■ The word "award" as used in section 5814 has been construed to mean "award of compensation" and as such "includes every benefit or payment conferred upon an injured employee by Division IV of the Labor Code." (*Hockett* v. *Industrial Acc. Com.*, 170 Cal.App.2d 155, 157 [338 P.2d 604].) It thus includes, medical, surgical and hospital treatment reasonably required to cure or relieve the employee from the effects of injury and reimbursements for amounts reasonably incurred for such care. (*Hockett* v. *Industrial Acc. Com., supra.*) However, it does not include medical-legal expenses incurred in prosecuting a claim which are in the nature of costs rather than compensation (*Vogh* v. *Workmen's Comp. App. Bd.*, 264 Cal.App.2d 724, 728 [70 Cal.Rptr. 722]; *Hockett* v.

*Industrial Acc. Com., supra,* p. 158) or a prior imposed penalty (*Davison* v. *Industrial Acc. Com., supra,* 241 Cal.App.2d 15, 18-19.)

■ Section 5814 requires the penalty to be imposed on the "full amount of the order, decision or award" and thus must be applied to prior payments of compensation made under compulsion of an award. (*Langer* v. *Workmen's Comp. App. Bd., supra,* 258 Cal.App.2d 400, 406-407.) But payments voluntarily made before a hearing on a claim are not deemed to be a part of the award for penalty purposes "even though the order making the award purports to cover the period during which such payments are made. . . ." (*Langer* v. *Workmen's Comp. App. Bd, supra,* p. 406, fn. 3; *Vogh* v. *Workmen's Comp. App. Bd., supra,* 264 Cal.App.2d 724, 728-729.)

■ In the present case the only voluntary payments made by the carrier were for the period May 26, 1967, to June 27, 1967. All other payments were made under compulsion of an award. The referee and the board found that respondents acted unreasonably in delaying and refusing payment of compensation. The board thus had no alternative but to impose the full penalty required by section 5814. (*Vogh* v. *Workmen's Comp. App. Bd., supra,* 264 Cal.App.2d 724, 728.)

The penalty should have been imposed on the temporary disability indemnity and other benefits awarded by the decision and award of October 11, 1968, except as to reimbursements of medical-legal costs and payments voluntarily made for the period May 26, 1967, to June 27, 1967. Section 5814 expressly provides that "When payment of compensation has been unreasonably delayed or refused, *either prior to or subsequent to the issuance of an award,* the full amount of the order, decision or award shall be increased by 10 percent." [Italics supplied.] In the present case, respondents unreasonably delayed and refused to provide compensation subsequent to the order of October 11, 1968, and prior to the supplemental decision of June 2, 1969.

Respondents' contention that only payments of "permanent disability indemnity" were being delayed and legitimately disputed, and that, hence, penalties could not be imposed on the compensation previously awarded is devoid of merit. Respondents acted ·unreasonably not only in delaying payment of a permanent disability but in terminating payment of temporary disability. As the board stated, medical reports clearly indicated that petitioner was "entitled to either temporary disability indemnity or permanent disability indemnity. . . ."

The contention that a penalty may only be imposed on the compensation awarded in the decision assessing the penalty and not on a previously

ordered award is likewise devoid of merit. Under the express terms of section 5814, a penalty may be imposed with respect to delays or refusals subsequent to an award and such delays or refusals constitute "good cause under Section 5803 to rescind, alter or amend the order, decision or award for the purpose of making the increase provided for herein." ■ In fact successive delays in the payment of an award may give rise to the imposition of successive penalties. (*Davison* v. *Industrial Acc. Com., supra,* 241 Cal.App.2d 15, 18.)

The board relied in part upon its decision in *Roche* v. *Navajo Freight Lines, Inc.,* 34 Cal. Comp. Cases 7. It is unnecessary for us to decide whether the result reached in *Roche* was correct because that case is clearly distinguishable. In *Roche,* in its findings and award of temporary disability made on October 6, 1965, the board found that defendant unreasonably delayed payment of temporary disability compensation from June 18, 1965, and imposed a 10 percent penalty on the temporary disability indemnity from June 18, 1965, "to date hereof." Thereafter, by a supplemental decision of August 19, 1968, the board made an award of permanent disability. Applicant contended that the previously imposed 10 percent penalty should also be applied to the permanent award. The board rejected the contention stating that there had been no unreasonable delay or refusal following the prior award. Unlike *Roche,* in the case under review the unreasonable delay and refusal occurred after and with respect to the award of October 11, 1968, and the penalty was assessed at the same hearing at which permanent disability was awarded.

The award is annulled with directions to the board to take further proceedings with respect to the impostion of penalties in accordance with the views herein expressed.

Kerrigan, Acting P. J., concurred.