[Civ. No. 10094. Fourth Dist., Div. Two. Aug. 19, 1970.]

JOHN W. MANNING, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
CANTRALL STEEL COMPANY et al., Respondents.

**COUNSEL**

Rose, Klein & Marias and Howard A. Gebler for Petitioner.

Rupert A. Pedrin, Nathan Mudge, Lionel K. Hvolboll, T. Groezinger, Loton Wells and A. C. Jones for Respondents.

**OPINION**

**TAMURA, Acting P. J.**—Petitioner (applicant) seeks review and annulment of an order of the Workmen's Compensation Appeals Board (Board) denying his petition for reconsideration of supplemental findings and award assessing a penalty for an unreasonable delay in the payment of permanent disability compensation. The sole issue is whether the penalty should have been computed by applying the penalty to temporary disability benefits previously paid under an earlier award as well as on the award of permanent benefits.

Applicant who was employed as a heavy equipment operator was injured on September 2, 1965, when, while fueling a welder, he slipped and dropped a five-gallon can of gasoline on his right ankle. Receiving no benefits for the injury sustained, he filed an application for compensation. On October 26, 1966, he was awarded continuing temporary disability indemnity from December 29, 1965, reimbursement for self-procured medical treatment and further medical treatment as required.

The matter was thereafter reopened on motion of applicant and further proceedings were commenced on August 16, 1968. At that hearing the parties stipulated that applicant's condition had become permanent and stationary on August 12, 1968. On February 19, 1969, the referee issued supplemental findings and award. He found that applicant was 100 percent permanently disabled, denied apportionment, and ordered permanent disability indemnity in the sum of $21,000 payable at the rate of $52.50 per week beginning August 20, 1968, with a life pension thereafter, together with permanent lifetime medical care. Respondents (employer and its carrier, State Compensation Insurance Fund) petitioned for reconsideration on the ground that the decision was contrary to an alleged stipulation by the parties to a 100 percent permanent disability with a 50 percent apportionment to the industrial injury. Applicant denied the existence of such a stipulation. Reconsideration was ordered and on June 10, 1969, the Board issued its order affirming the supplemental findings and award.

On July 10, 1969, applicant filed a claim for penalty for unreasonable delay in the payment of compensation. It was stipulated that the June 10, 1969, Board decision was received by the carrier on June 13, 1969, but that payment pursuant to the order was not commenced until July 25, 1969. Applicant testified he received no compensation for two or three months prior to July 25. The referee found that the carrier failed to make a sufficient showing of justification for the delay in payments, that it unreasonably delayed payment of permanent disability compensation, and ordered that the permanent disability benefits, including the life pension, be increased by 10 percent. Both parties petitioned for reconsideration; applicant on the ground that the penalty should also have been applied to past paid benefits under the temporary award of October 26, 1966, and the carrier on the ground that the delay was not unreasonable. Both petitions were denied. Applicant seeks review of the order denying reconsideration.

Applicant urges that *Ramsey* v. *Workmen's Comp. App. Bd.,* 2 Cal. App.3d 693 [83 Cal.Rptr. 51], and *Langer* v. *Workmen's Comp. App. Bd.,* 258 Cal.App.2d 400 [65 Cal.Rptr. 598], are dispositive of the issues presented herein. Neither case is controlling. *Langer, supra,* involved an unreasonable delay in the payment of temporary disability benefits and the

limited question was whether the penalty should have been applied to all past paid temporary disability benefits, other than medical-legal costs, made under compulsion of the award. In *Ramsey, supra,* the carrier unreasonably delayed payment of temporary disability and failed unreasonably to commence payment of permanent disability compensation. In these circumstances we held that the penalty should have been applied to all previously paid temporary disability benefits, except medical-legal expenses and payments voluntarily made without compulsion of an award, as well as on the permanent award. We declined, in *Ramsey, supra,* to pass on the question presently posed.

█ In the present case, it is our conclusion that the penalty should not be imposed on past paid temporary disability benefits even though they were made under compulsion of an award. It was stipulated at oral argument that the carrier had paid all temporary benefits previously awarded in accordance with the award of October 26, 1966, and that the delay related only to payment of permanent disability compensation. █ Permanent disability is distinct from temporary. The primary element in temporary disability is the loss of wages, whereas loss of earning power is not a prerequisite to the right to permanent disability; permanent bodily impairment is the prime consideration in determining right to permanent disability. (See *Fred Gledhill Chevrolet* v. *Industrial Acc. Com.,* 62 Cal.2d 59, 62 [41 Cal.Rptr. 170, 396 P.2d 586]; *Allied Comp. Ins. Co.* v. *Industrial Acc. Com.,* 211 Cal.App.2d 821, 831-832 [27 Cal.Rptr. 918].) █ Consequently, the right to permanent disability does not arise until the applicant's condition becomes permanent and stationary; under the act permanent disability is a "new and further disability." (*Gobel* v. *Industrial Acc. Com.,* 1 Cal.2d 100, 103 [33 P.2d 413]; *Cowell Lime & Cement Co.* v. *Industrial Acc. Com.,* 211 Cal. 154, 160-161 [294 P. 703, 72 A.L.R. 1118]; see *Douglas Aircraft Co.* v. *Industrial Acc. Com.,* 31 Cal.2d 853, 855 [193 P.2d 468].)

█ In the foregoing circumstances it would be unreasonable to construe section 5814 of the Labor Code as requiring imposition of the penalty in the instant case to prior paid temporary disability benefits. Section 5814 provides in part: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent." █ As the court aptly noted in *Langer* v. *Workmen's Comp. App. Bd., supra,* 258 Cal.App.2d 400, 416, the section is not a model of legislative draftsmanship. Nevertheless, we believe the words "order, decision or award," on the full amount of which the penalty must be applied, must be construed to mean the "order, decision or award" with

respect to which payment of compensation has been unreasonably delayed. ▮ In the present case the Board correctly applied section 5814 by imposing the penalty on the full amount of the permanent disability benefits, including the life pension, awarded on September 13, 1969, and properly denied applicant's request to impose the penalty on previously paid temporary benefits.

The Board's order denying applicant's petition for reconsideration is affirmed.

Kerrigan, J., and Kaufman, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied October 15, 1970.