[Civ. No. 15698. Third Dist. Feb. 22, 1977.]

SIERRA PACIFIC INDUSTRIES, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
ELVIS HULSEY, Respondents.

## COUNSEL

Huber, Goodwin, Murray, Cissna, Prior & Carson and Robert D. Prior for Petitioner.

Hanna, Brophy, MacLean, McAleen & Jensen and Warren L. Hanna as Amici Curiae on behalf of Petitioner.

Charles L. Swezey, Philip M. Miyamoto, Thomas J. Mc Birnie, Dennis J. Hannigan, Eugene C. Treaster and Treaster & Mastagni for Respondents.

Yale I. Jones as Amicus Curiae on behalf of Respondent Workers' Compensation Appeals Board.

## OPINION

**PARAS, J.**—Petitioner Sierra Pacific Industries, permissibly self-insured, seeks annulment of an order of the Workers' Compensation Appeals Board assessing a 10 percent penalty under Labor Code section 5814 for unreasonably delaying payment of a $975 attorney fee out of an award of $9,765 in disability payments. Petitioner's contention is that the board erred in assessing the 10 percent penalty against the *entire* award rather than against only the $975.

 It is undisputed that all payments other than the attorney fee were timely made. In a letter to the board, petitioner offered the following explanation for the delay: "Findings and award were filed and served by mail on April 1, 1975. Defendant's copy was received by defendant on April 3, 1975. On April 21, 1975 defendant computed the computation necessary to pay the attorneys' fee from the far end of the award and requested a check for attorneys' fees be issued on April 25, 1975. For some reason which defendant can not [*sic*] account for, the check was not typed until May 15, 1975. It was mailed May 16, 1975." Although petitioner argued before the board that the delay was not unreasonable, it has not renewed that contention here.

Labor Code section 5814 provides in pertinent part: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent."

In *Adams* v. *Workers' Comp. Appeals Bd.* (1976) 18 Cal.3d 226 [133 Cal.Rptr. 517, 555 P.2d 303], the Supreme Court recently clarified any doubts which might have existed regarding the propriety of the board's order. Holding that the 10 percent penalty applies to an award of medical-legal costs, the court states: "The section [5814] provides that the '*full amount* of the order, decision or award shall be increased by 10 percent' when compensation has been unreasonably delayed. (Italics added.) The *full* decision and award in the instant case ordered reimbursement of medical-legal costs, and payment of compensation under the award was unreasonably delayed. A literal application of section 5814 would accord with the constructional policy of liberally interpreting workers' compensation laws for the benefit of injured workers and with the policy of encouraging the employer and carrier to provide prompt medical treatment." (Italics in original.) (18 Cal.3d at p. 230.)

The *Adams* case controls. The board correctly assessed a total penalty of $975, which is 10 percent of the full amount.

The decision is affirmed.

Puglia, P. J., and Evans, J., concurred.