[Civ. No. 51455. Second Dist., Div. Two. Nov. 18, 1977.]

FIDELITY AND CASUALTY COMPANY OF NEW YORK,
Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD
and BOBBY JOE HART, Respondents.

**COUNSEL**

Kendig, Stockwell & Gleason and E. H. Kendig, Jr., for Petitioner.

Ghitterman, Schweitzer & Herreras ·and Allan S. Ghitterman for Respondents.

**OPINION**

**FLEMING, Acting P. J.**—Petitioner Fidelity and Casualty Company of New York (Fidelity) contends the Workers' Compensation Appeals Board erred in assessing a 10 percent penalty in the amount of $2,383.38 pursuant to Labor Code section 5814[1] based upon the entire amount of a

---

[1]Labor Code section 5814 provides: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an

multiparty compromise and release ($23,833.83) rather than Fidelity's specified total contribution of $406.06 on the settlement. Fidelity does not here contend that it did not, in fact, unreasonably delay prompt payment of its share of the settlement, but contends the penalty should have been only $40.61 rather than $2,383.38.

*Relevant Facts*:

Respondent Bobby Joe Hart (Hart) in June 1975, filed with the appeals board an application for adjudication of claim alleging injury in his lungs as a result of his job exposure to fiberglass dust particles for various employers during the period 1954 through April 13, 1971. Numerous employers and insurance carriers were named as parties defendant for the above mentioned period of employment including F & F Heating Company, whose workers' compensation insurance carrier was petitioner Fidelity for part of the time Hart was employed by F & F Heating Company.

As the result of negotiations among the numerous parties to Hart's claim a settlement was reached in the total amount of $23,833.83. The settlement compromise and release documents specified the exact amount of the respective contribution to be made by each insurance carrier participating in the settlement. The settlement papers stated Fidelity's contribution was to be $406.06. On May 24, 1976, the settlement papers were submitted to the workers' compensation judge for approval.[2] On August 9, 1976, the judge issued an order approving compromise and release (Order). The Order directed each participating carrier to pay the respective amount it had agreed to pay in the compromise and release documents. Thus, the Order directed Fidelity to pay directly to Hart the amount of $406.06. Fidelity did not pay its $406.06 share until December 3, 1976.

A hearing regarding the late payment was eventually held. The judge held a penalty was warranted against Fidelity and assessed a 10 percent penalty payable by Fidelity computed upon Fidelity's share of $406.06

---

award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts. Such delay or refusal shall constitute good cause under Section 5803 to rescind, alter or amend the order, decision or award for the purpose of making the increase provided for herein."

[2] No release of liability or compromise agreement of a workers' compensation claim is valid unless approved by the appeals board or a workers' compensation judge. (Lab. Code, § 5001.)

rather than the total amount of the settlement. In his "Opinion on Decision" refusing to assess the 10 percent penalty on the total settlement of $23,833.83, the judge stated:

"It is the court's opinion that to impose the penalty in excess of $2300 [a 10 percent penalty on the gross amount of the settlement] for the late payment of a total liability of $406.06 would be ridiculous and not within the contemplation of the legislature in enacting Labor Code section 5814, and not within the contemplation of the Supreme Court's decision in *Adams* [v. *Workers' Comp. Appeals Bd.* (1976) 18 Cal.3d 226 (133 Cal.Rptr. 517, 555 P.2d 303)]. Therefore, a finding will be made that the defendant did unreasonably delay or refuse the payment of compensation and an award for the sum of $40.61 will be made."

Hart petitioned for reconsideration contending the penalty should have been assessed against the gross settlement amount of $23,833.83. The board agreed, granted reconsideration, and awarded Hart the sum of $2,383.38 as a penalty assessment against Fidelity. The board in its decision relied on *Adams* v. *Workers' Comp. Appeals Bd., supra,* 18 Cal.3d 226, and *Sierra Pac. Industries* v. *Workers' Comp. Appeals Bd.* (1977) 67 Cal.App.3d 413 [136 Cal.Rptr. 649]. Fidelity then petitioned for reconsideration, which was denied.

*Discussion:*

Fidelity contends the penalty should have only been 10 percent of its specified settlement contribution of $406.06. Under Fidelity's contention the penalty would only amount to $40.61. The parties have not cited, nor has the court located, any appellate decisions directly on point.

The Supreme Court stated in *Adams* v. *Workers' Comp. Appeals Bd., supra,* 18 Cal.3d 226, 229: "Section 5814 is explicit and clear. It requires that '[w]hen payment of compensation has been unreasonably delayed ... the full amount of the order, decision or award shall be increased by 10 percent.' We have said that 'although denominated a "penalty," the section is to be interpreted liberally, in accordance with the general purpose of the workmen's compensation laws' of affording benefits for the protection of injured employees. (*Kerley* v. *Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 223, 227 [93 Cal.Rptr. 192, 481 P.2d 200].) 'The penalty . . . is designed to help an employee obtain promptly the cure or

relief he is entitled to under the law, and to compel his employer to provide this cure or relief in timely fashion.' (*Davison* v. *Industrial Acc. Com.* (1966) 241 Cal.App.2d 15, 18 [50 Cal.Rptr. 76].) The penalty has been applied to virtually all types of benefits provided by the workers' compensation laws. . . ."

Relying on *Adams, supra,* the court in *Sierra Pac. Industries* v. *Workers' Comp. Appeals Bd., supra,* 67 Cal.App.3d 413, held that a penalty applied to the entire award even though only the attorney's fees had been unreasonably delayed.

Both *Adams* and *Sierra Pac. Industries* involved cases of findings and awards where the employer or carrier delayed in paying part of the award for which it was entirely liable. Here, each carrier, including Fidelity, had a specific amount it was to pay to the injured and/or various lien claimants.

*Adams* and *Sierra Pac. Industries* clearly hold that the penalty is to apply to the "full" amount of the order, decision or award. The question for this court is then: what is the "full" amount of the order, decision or award in this case?

While, technically speaking, the "full" amount of settlement is $23,833.83, the judge's order approving compromise and release actually orders Fidelity to pay only $406.06. Thus, *as to Fidelity* the "full amount of the order, decision or award" is only $406.06.[3] The penalty should only have been $40.61, as the judge originally ordered. As stated by the judge in his opinion on decision, a penalty of $2,383.38 appears "ridiculous and not within the contemplation of the legislature in enacting Labor Code section 5814. . . ."

The penalty against Fidelity insofar as it is in excess of $40.61 is annulled and case remanded to the appeals board for such further proceedings as are consistent with this opinion.

Compton, J., and Beach, J., concurred.

---

[3]The court is not presented with a situation where a joint and several award has issued against several carriers.