Opinion
 

 FEINBERG, J.
 

 Petitioner Lorenz Bauer seeks a review of a decision of the Workers’ Compensation Appeals Board (Board) affirming the assessment by the workers’ compensation judge (Judge) of a limited penalty, pursuant to Labor Code section 5814,
 
 [1]
 
 on delayed compensation benefits owed to petitioner.
 
 [2]
 

 On August 26, 1976, the Judge awarded compensation benefits to petitioner for reimbursement of self-procured medical treatment, among
 
 *252
 
 other benefits. The cost of the treatment was not fixed by the Board, but the Board reserved jurisdiction to fix the amount in the event that the parties could not do so among themselves.
 

 Petitioner sought reconsideration of the August 26 award, alleging that the award of permanent disability should not have been apportioned, and asking for an increase in the attorney’s fee award. The petition for reconsideration was granted, and on October 27, 1976, the Board issued its own findings and award which rescinded the findings and award issued by the Judge, except for the award for reimbursement of self-procured medical treatment.
 

 The entire award was promptly paid, except the award for self-procured medical treatment, no part of which was paid.
 

 Petitioner subsequently sought to reopen his claim on the grounds that he had new and further disability. He also sought imposition of a 10 percent penalty pursuant to Labor Code section 5814 for failure to be reimbursed for self-procured medical treatment expenses.
 

 On August 9, 1977, the Judge issued a new findings and award. The amount petitioner was entitled to for reimbursement of self-procured medical treatment was specified and a 10 percent penalty was included for unreasonable delay in reimbursement of self-procured medical treatment. The penalty was based on 10 percent of the amount of the self-procured medical expenses for which petitioner was entitled to be reimbursed. No penalty was assessed against the portion of the award that was timely paid.
 

 Petitioner then sought reconsideration of the August 9 findings and award, alleging that the penalty should have been assessed against the entire amount of the October 27, 1976, award.
 

 On October 19, 1977, the Board issued its order and opinion denying reconsideration. The Board upheld the limited penalty assessment on the ground that there was no actual award for reimbursement of self-procured medical expenses until the August 9 findings and award which specified the amount of such award. The Board thus found that the award for reimbursement of self-procured medical expenses was separate from and subsequent to the findings and award of October 27, 1976.
 

 
 *253
 
 Petitioner raises two major questions for determination by this court: (1) whether section 5814 requires a penalty assessment against the entire award when payment is delayed only as to part of that award, and (2) whether the failure to state a specific amount of an entitlement until a later date does not constitute an award until such time as the amount is specified.
 

 Labor Code section 5814 provides: “When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts. Such delay or refusal shall constitute good cause under Section 5803 to rescind, alter or amend the order, decision or award for the purpose of making the increase provided for herein.”
 

 Petitioner relies on the interpretation of section 5814 in
 
 Adams
 
 v.
 
 Workers' Comp. Appeals Bd.
 
 (1976) 18 Cal.3d 226 [133 Cal.Rptr. 517, 555 P.2d 303] and
 
 Kerley
 
 v.
 
 Workmen’s Comp. App. Bd.
 
 (1971) 4 Cal.3d 223 [93 Cal.Rptr. 192, 481 P.2d 200], to support his contention that a 10 percent penalty should have been assessed against the entire amount of the award and not just the portion that was unreasonably delayed.
 

 Kerley
 
 is not dispositive of the issue presented in the instant case. The issue in
 
 Kerley
 
 concerned the circumstances under which an employer could delay compensation payments without having the section 5814 penalty attach. In
 
 Kerley,
 
 an employee was awarded temporary disability by the Board at the rate of $67.93 per week beginning September 15, 1967. On December 1, 1968, the employer discontinued payment and filed a petition with the Board to terminate temporary disability payments on the ground that Kerley was no longer disabled. The employee objected to the petition, requested a hearing, and requested advance maximum permanent disability payments pursuant to section 4650.
 

 On March 17, 1969, the referee (presently called workers’ compensation judge), after a hearing and review of the evidence, served a recommended rating of 43 percent permanent disability on both sides. The employer filed no objections but continued to refuse to make any payments. On June 10, 1969, the referee made his award providing permanent disability benefits. In addition, he assessed a 10 percent penalty against the employer for the unreasonable refusal to pay benefits.
 
 *254
 
 The Board granted reconsideration to the employer on the ground that the employer’s refusal to
 
 advance
 
 benefits was not unreasonable on the theory that an employer is relieved of any responsibility to make advance payments for permanent disability until either the referee has made an award or the employee has established beyond a reasonable doubt the nature and extent of his permanent disability.
 

 The Supreme Court reversed the Board’s decision, holding that “the only satisfactory excuse for delay in payment of disability benefits [under section 5814], whether
 
 prior
 
 to or subsequent to an award, is genuine doubt from a medical or legal standpoint as to liability for benefits, and that the burden is on the employer or his carrier to present substantial evidence on which a finding of such doubt may be based.” (Italics added.)
 
 (Kerley
 
 v.
 
 Workmen’s Comp. App. Bd., supra, 4
 
 Cal.3d at p. 230.)
 

 Reliance by petitioner on
 
 Kerley
 
 is misplaced in that
 
 Kerley
 
 does not address the issue as to whether section 5814 requires a penalty assessment against the entire award when payment is delayed as to only part of that award. It is true that the Supreme Court in
 
 Kerley
 
 held that a penalty should be assessed against the entire award. However, the employer in
 
 Kerley
 
 unreasonably delayed making
 
 any
 
 advance payment, thus, at the time of the award, nothing having been paid and the failure to pay anything being unreasonable, the penalty was properly on the entire award.
 

 Sierra Pacific Industries
 
 v.
 
 Workers’ Comp. Appeals Bd.
 
 (1977) 67 Cal.App.3d 413 [136 Cal.Rptr. 649], is the only reported case that we are aware of squarely supportive of petitioner’s assertion that under section 5814, when payment is unreasonably delayed or refused as to a portion of an award, the penalty assessed must be against the entire award, including that which was paid promptly.
 

 Sierra Pacific
 
 was disapproved in
 
 Gallamore
 
 v.
 
 Workers’ Comp. Appeals Bd., supra,
 
 23 Cal.3d 815, 826-827 [153 Cal.Rptr. 590, 591 P.2d 1242], to the extent that it conflicts with its holding that “the phrase ‘full amount of the . . . award’ in section 5814 refers to the full amount of the award for the particular class of benefit delayed or withheld” and not to “other types of benefits despite their inclusion in a single decision or award containing multiple benefits.”
 

 In
 
 Sierra Pacific,
 
 the employee was awarded $9,765 in disability payments plus attorney fees in the amount of $975. The employer paid
 
 *255
 
 the $9,765 promptly. For some unknown reason, there was a delay by the defendant in mailing the check in payment of attorney’s fees (approximately three weeks). The Board concluded the delay was unreasonable and assessed the 10 percent penalty under section 5814 on the
 
 entire
 
 amount of the award rather than on the delayed payment in the amount of the attorney’s fees. The court in
 
 Sierra Pacific
 
 affirmed, stating that
 
 Adams
 
 v.
 
 Workers’ Comp. Appeals Bd.
 
 mandated its holding.
 

 We, therefore, turn our attention to
 
 Adams.
 

 In
 
 Adams,
 
 the employee was awarded temporary disability benefits in the amount of $8,000 less a credit of $1,890, previously paid by the carrier, less $449.50 to satisfy a lien of the Employment Development Department, for a net sum to the employee of $5,660.50. At the same time, the employee was also awarded permanent disability benefits in the amount of $11,655, reimbursement of self-procured medical benefits in the sum of $2,778.42, and $1,229.13 for medical-legal costs.
 

 The employer’s compensation carrier delayed payment of the temporary disability payments, self-procured medical costs and the medical-legal expenses, but timely paid the permanent disability benefits. The employee then sought to reopen the hearing to secure the benefit of section 5814, based on the allegation that the delay in paying the temporary disability payment was unreasonable. The delay was found to be unreasonable and, ultimately, the referee and thereafter the Board imposed the 10 percent penalty. While the referee and the Board both purported to assess the penalty on both the temporary disability benefits ($8,000) and the permanent disability benefits ($11,655), the 10 percent penalty, in fact was assessed on the
 
 net
 
 of the temporary disability benefits.
 
 (Adams
 
 v.
 
 Workers’ Comp. Appeals Bd., supra,
 
 at p. 229, fn. 2.) This, however, was not the issue in the case. The Board refused to assess the 10 percent penalty on the unreasonably delayed payment of the medical-legal costs ($1,229.13) on the ground that medical-legal costs are not a part of an “award” since it is not in the nature of compensation but is in the nature of costs. The Supreme Court rejected this view and held that medical-legal costs are a part of the award and, therefore, subject to the 10 percent penalty of section 5814 if payment thereof is unreasonably delayed. That is all the case holds.
 

 Arguably, the case suggests, if anything, that where part of an award is paid and then there is an unreasonable delay, the 10 percent penalty attaches only to the unpaid portion of the award. As we have noted, the
 
 *256
 
 court pointed out that the penalty assessment imposed was upon the
 
 net
 
 amount of the temporary disability payment since the insurance carrier had made prepayments in the amount of $1,890, and there was a lien in the amount of $449.50. Thus, while the amount of the award was $8,000, the carrier delayed payment of the
 
 net,
 
 $5,660.50. If the
 
 Sierra Pacific
 
 court is correct in its interpretation of
 
 Adams,
 
 then one would think that the
 
 Adams
 
 court would have indicated (and it did not) that it was error to predicate the penalty assessment on the
 
 net
 
 rather than the entire award.
 

 On the contrary, the court seems to approve for it points out that the penalty assessment was levied upon the net temporary disability benefits but not upon the permanent disability benefits which were paid
 
 timely. (Adams
 
 v.
 
 Workers’ Comp. Appeals Bd., supra,
 
 at p. 229, fn. 2.)
 

 We conclude that
 
 Adams,
 
 unlike
 
 Sierra Pacific,
 
 does not compel the conclusion that when payment is unreasonably delayed as to a portion of an award, the penalty is to be assessed not only against the unpaid portion of the award but also against that portion of the award which had been paid promptly.
 

 The Board relied on
 
 Daniels
 
 v.
 
 Workmen’s Comp. Appeals Bd.
 
 (1972) 27 Cal.App.3d 504 [104 Cal.Rptr, 129] for its decision. Petitioner asserts that
 
 Adams
 
 has overruled
 
 Daniels.
 
 If it has, it has been done sub silentio for, while
 
 Adams
 
 specifically disapproves by name of a line of Court of Appeal decisions,
 
 Daniels
 
 is not one of them. That
 
 Daniels
 
 is still good law is indicated by its citation in
 
 Gallamore
 
 v.
 
 Workers’ Comp. Appeals Bd., supra,
 
 23 Cal.3d at pages 822, 825-826.
 

 In
 
 Daniels,
 
 the employee was injured on June 15, 1970. Thereafter, he filed his claim for workers’ compensation benefits and gave notice that he would seek the statutory 10 percent penalty under section 5814. In August 1970, before any hearing, the employer paid temporary disability benefits for the period from the date of the injury through August 30, 1970. Thereafter, temporary disability payments stopped because the company doctor released the employee as fit for work. Ultimately, in July 1971, the award was issued granting (1) further temporary disability benefits from August 31, 1970 through January 17, 1971; (2) permanent disability benefits; (3) reimbursement for self-procured medical services; (4) medical-legal costs; and (5) future medical costs. The award also recited that payment of the June-August 1970 temporary disability was unreasonably delayed and assessed the 10 percent penalty on the amount due
 
 for that period only.
 
 The court affirmed the award. (See also
 
 State Comp. Ins.
 
 
 *257
 

 Fund
 
 v.
 
 Workmen’s Comp. Appeals Bd.
 
 (1973) 35 Cal.App.3d 374 [110 Cal.Rptr. 757].)
 

 Daniels
 
 relied on
 
 Garcia
 
 v.
 
 Workmen’s Comp. Appeals Bd.
 
 (1972) 6 Cal.3d 687 [100 Cal.Rptr. 149, 493 P.2d 877]. In
 
 Garcia,
 
 there was an award of temporary disability benefits followed by a subsequent award of permanent disability. There was a finding of unreasonable delay on the payment of temporary disability but no finding that permanent disability payments had been unreasonably delayed. The Board, on reconsideration, assessed the 10 percent penalty on the temporary disability indemnity but declined to assess it on the permanent disability benefit. The court affirmed the Board, stating, “where there has been an award of temporary disability indemnity, and a subsequent award is made giving the applicant permanent disability indemnity, a delay with respect to making payment under one award for one type of benefit does not entitle the applicant to have the penalty applied to payments under the other award for a different type of benefit where there has been no delay with respect to the latter payments.” (Fn. omitted.)
 
 {Id.,
 
 at p. 690.)
 

 Gallamore
 
 v.
 
 Workers’ Comp. Appeals Bd., supra,
 
 23 Cal.3d 815, 826-827, decided after this opinion was originally filed, leaves no doubt that the penalty should be assessed with reference to the particular type of benefit the payment of which is unreasonably delayed and not against the award of other benefits which happen to be included in the same decision or order—and without regard to whether partial payment of the particular benefit has been made.
 

 Finally, we advert to
 
 Davison
 
 v.
 
 Industrial Acc. Com.
 
 (1966) 241 Cal.App.2d 15 [50 Cal.Rptr. 76], cited with approval in
 
 Kerley, Garcia, Adams,
 
 and
 
 Gallamore.
 
 Davison presented this situation: In 1962, Ms. Davison was awarded temporary disability benefits plus, among other benefits, costs of medical treatment. In June 1964, by award, the temporary disability benefits were increased to $41.32 and, again, further medical treatments were provided. In October 1964, she secured a 10 percent penalty assessment increasing her weekly benefit by 10 percent of $41.32 for unreasonable delay in furnishing medical treatment. Thereafter in April 1965, Ms. Davison requested a second 10 percent increase in her weekly benefits for further unreasonable delay in furnishing medical treatment. At issue was whether there could be a second penalty assessment on the same award. The court held, in effect, that there could be as many penalty assessments as there were sequential unreasonable delays in the payment of benefits awarded. For our purposes, however,
 
 *258
 
 what is of significance is that there is no suggestion in the case that the penalty assessment could be applied retroactively to payments that had been made timely.
 

 It seems reasonably safe to conclude that there may be an exception to the
 
 Gallamore
 
 rule where the benefit which is unreasonably delayed (e.g., medical treatment) is not a direct monetary payment to the injured worker and, to be effective, the penalty must be assessed against some reasonably related benefit (e.g., temporary disability) which is part of the same award.
 

 “The penalty for unreasonable delay in the payment of compensation is designed to help an employee obtain promptly the cure or relief he is entitled to under the law, and to compel his employer to provide this cure or relief in timely fashion.”
 
 (Davison
 
 v.
 
 Industrial Acc. Com., supra,
 
 241 Cal.App.2d at p. 18, cited with approval in
 
 Adams
 
 v.
 
 Workers’ Comp. Appeals Bd., supra,
 
 18 Cal.3d at p. 229.) That purpose is served by levying the penalty on the unreasonably delayed benefit. It is also served, we observe, by levying it on future payments of different benefits in the same award as necessity dictates, and permitting additional penalties for subsequent unreasonable delays, as
 
 Davison
 
 carefully pointed out.
 

 But, to permit the penalty assessment on payments that had been made timely, would be compulsion by flagellation as
 
 Gallamore
 
 recognized. (23 Cal.3d at p. 826.) We do not believe the Legislature so intended.
 

 We note that the Board based its award upon a theory different from the view we have taken. We believe the Board was in error in its reasoning. (See
 
 Ramsey
 
 v.
 
 Workmen’s Comp. Appeals Bd.
 
 (1971) 18 Cal.App.3d 155 [95 Cal.Rptr. 558].) The issue before us is one of law only. Thus, we hold that the Board’s award was correct, as a matter of law, even though it was for the wrong reason. Consequently, we see no need to analyze the Board’s reasoning.
 

 Accordingly, the award of the Workers’ Compensation Appeals Board is affirmed.
 

 Scott, Acting P. J., and Drewes, J.,
 
 *
 
 concurred.
 

 The petition of respondent Workers’ Compensation Appeals Board for a hearing by the Supreme Court was denied August 15, 1979.
 

 [1]
 

 All sections referred to hereafter are to the Labor Code.
 

 [2]
 

 This case was decided by this court at an earlier date. Thereafter, the Supreme Court granted a hearing vacating, of course, our opinion. Subsequently, the Supreme Court decided
 
 Gallamore
 
 v.
 
 Workers’ Comp. Appeals Bd.
 
 (1979) 23 Cal.3d 815 [153 Cal.Rptr. 590, 591 P.2d 1242], The Supreme Court thereupon retransferred the instant case to this court with directions to refile its opinion with appropriate references to
 
 Gallamore.
 

 *
 

 Assigned by the Chairperson of the Judicial Council.