[Civ. No. 54411. Second Dist., Div. Five. Mar. 27, 1980.]

COUNTY OF LOS ANGELES, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
CHARLES CROWE, Respondents.

COUNSEL

John H. Larson, County Counsel, Milton J. Litvin and Patrick A. Wu, Deputy County Counsel, for Petitioner.

James E. Hummell, Thompson, Talbott & Lemaster, George D. Thompson, Richard W. Younkin, William B. Donohoe and Dexter W. Young for Respondents.

OPINION

**ASHBY, J.**—Petitioner County of Los Angeles (County) contends respondent Workers' Compensation Appeals Board (Board) erred in the method it calculated a 10 percent penalty against County pursuant to Labor Code section 5814[1] for County's unreasonable delay in providing

---

[1]Labor Code section 5814 provides: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an

permanent disability payments to respondent injured worker, Charles Crowe. In light of *Gallamore* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 815 [153 Cal.Rptr. 590, 591 P.2d 1242], we find merit to County's contention.

I

The issue here is not whether a penalty should be assessed but rather how the 10 percent penalty should be calculated.

While employed by County on November 7, 1971, Crowe sustained injury arising out of and occurring in the course of employment to both his hips and lower extremities.

County concedes that it unreasonably delayed in voluntarily making permanent disability payments to Crowe from January 25, 1977, to July 11, 1977. (See Lab. Code, § 4650; *Kerley* v. *Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 223 [93 Cal.Rptr. 192, 481 P.2d 200]; *Berry* v. *Workmen's Comp. App. Bd.* (1969) 276 Cal.App.2d 381 [81 Cal.Rptr. 65].) However, in March 1977 the parties settled by an appeals board approved compromise and release the claim for penalty for any delay by County on or before March 28, 1977. On July 11, 1977, all delayed permanent disability payments were brought up to date and thereafter all permanent disability payments were paid by County to Crowe in a timely manner. No other type of workers' compensation benefits owed to Crowe was delayed by County.

The matter proceeded to hearing on May 24, 1978. The issues at the hearing were permanent disability, whether Crowe was in need of further medical treatment, and the penalty claim. Per findings and award issued on June 9, 1978, the workers' compensation judge found Crowe to be permanently totally disabled and in need of further medical care as the result of the industrial injury herein. The judge accordingly awarded Crowe permanent disability benefits of $21,000, payable at $52.50 per week for 400 weeks, and thereafter a life pension of $48.46 per week. The judge also found that as County had unreasonably delayed in making permanent disability payments to Crowe a 10 percent

award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts. Such delay or refusal shall constitute good cause under Section 5803 to rescind, alter or amend the order, decision or award for the purpose of making the increase provided for herein."

penalty should be assessed against County on the awarded permanent disability (including the life pension) and on the awarded future medical treatment. The judge, however, applied no penalty to permanent disability accrued up to and including March 28, 1977, in light of the settlement agreement.

The Board denied County's petition for reconsideration on the penalty issue, relying upon the judge's analysis. The judge rejected County's contention that the penalty only applied to benefits actually delayed. The judge observed that *Adams* v. *Workers' Comp. Appeals Bd.* (1976) 18 Cal.3d 226 [133 Cal.Rptr. 517, 555 P.2d 303] as interpreted in *Sierra Pac. Industries* v. *Workers' Comp. Appeals Bd.* (1977) 67 Cal.App.3d 413 [136 Cal.Rptr. 649], required that the penalty apply to both the awarded permanent disability and future medical care. *Sierra Pac. Industries* held that even if only one type of benefit was delayed the penalty applied to all awarded benefits. Subsequent to the judge's decision and the denial of reconsideration by the Board, the Supreme Court in *Gallamore* v. *Workers' Comp. Appeals Bd. supra*, 23 Cal.3d 815 disapproved this holding of *Sierra Pac. Industries. (Gallamore, supra*, 23 Cal.3d at pp. 826-827.)

II

*Gallamore* expressly held that "the penalty is to be computed by assessing 10 percent of the entire amount ultimately awarded for the particular class of benefit which has been unreasonably delayed or withheld." (23 Cal.3d at p. 827.) Accordingly, the assessment of the penalty against the awarded future medical treatment must be annulled. Permanent disability and medical care are clearly different classes of benefits.[2] Crowe now concedes this point.

---

[2]In the recent case of *Bauer* v. *Workers' Comp. Appeals Bd.* (1979) 94 Cal.App.3d 250 [156 Cal.Rptr. 400], the court commented that "It seems reasonably safe to conclude that there may be an exception to the *Gallamore* rule where the benefit which is unreasonably delayed (e.g., medical treatment) is not a direct monetary payment to the injured worker and, to be effective, the penalty must be assessed against some reasonably related benefit (e.g., temporary disability) which is part of the same award." It has been argued that this statement in *Bauer* "appear[s] contrary to the explicit holding in *Gallamore* that the penalty applies against the class of benefits ultimately awarded in which the delay occurred." (*10-Percent Penalty Under Labor Code § 5814—Court Redrafts Opinion Assessing Penalty Against Delayed Benefits, in Light of Gallamore* (1979) 7 Cal. Workers' Comp. Rptr. 111, 112; compare, however, *Davison* v. *Industrial Acc. Com.* (1966) 241 Cal.App.2d 15 [50 Cal.Rptr. 76] and *Ramsey* v. *Workmen's Comp. App. Bd.* (1969) 2 Cal.App.3d 693 [83 Cal.Rptr. 51].)

■ We now turn to the application of the penalty to the entire permanent disability award.

Initially, we observe no party contests the refusal by the trial judge to apply the penalty to that portion of the permanent disability award covered by the March 1977 settlement. Crowe does not assert successive delays in the payment of benefits. (*Gallamore, supra,* 23 Cal.3d at pp. 823-824.)

County argues that the penalty should only apply to the permanent disability payments actually unreasonably delayed as it voluntarily brought payments up to date and continued to pay timely thereafter far in advance of the May 1978 hearing and the subsequent issuance of the June 9, 1978, award.[3]

In *Gallamore* one of the claimed penalties involved the failure to voluntarily pay permanent disability advances prior to the issuance of an award. The carrier for the employer failed to make any permanent disability advances until after the injured had filed a petition for assessment of a penalty. At the hearing the parties stipulated to permanent disability of 42-1/2 percent, equivalent to a total of $13,702.50 in weekly payments. The Board assessed the penalty as $1,370. There is no indication that *prior* to the issuance of the award the carrier voluntarily brought the payments up to date and then continued to pay in a timely manner. The court first rejected the distinction in computing the penalty between preaward and postaward delinquencies in the payment of benefits as there was "no reason why the *amount* of the penalty should vary depending on whether the delinquency occurred prior or subsequent to the award." (*Gallamore, supra,* 23 Cal.3d at p. 822.)

---

Here, however, we need not reach the correctness of this point as even under *Bauer* the penalty would not apply to the future medical care as permanent disability benefits are a "direct monetary payment to the injured worker."

[3]In its petition for rehearing County concedes that if the penalty applies to the entire permanent disability awarded under the June 9, 1978, award the penalty would properly apply to the life pension. (See *Manning* v. *Workmen's Comp. App. Bd.* (1970) 10 Cal.App.3d 655 [89 Cal.Rptr. 76].) A life pension is but a part of permanent disability benefits. (See Lab. Code, §§ 4650, 4658, 4659.)

While Crowe filed an answer to County's original petition for writ of review, Crowe filed no answer to County's petition for rehearing. This court initially held the penalty applied to the entire permanent disability award save that encompassed by the March 1977 settlement and permanent disability payments voluntarily and timely paid between July 11, 1977, and the issuance of the award of June 9, 1978. We granted County's petition for rehearing and modify the calculation of the penalty as discussed herein. (*Infra,* pp. 882-884.)

Commenting upon the computation of the penalty the court stated: "Carrier argues that the penalty should be applied to the *net* amount of benefits remaining unpaid, thereby permitting credit to the employer or carrier for amounts previously paid without delay on the specific benefit awarded. (See *Adams v. Workers' Comp. Appeals Bd., supra,* 18 Cal. 3d 226, 229, fn. 2; *State Comp. Ins. Fund v. Workmen's Comp. Appeals Bd., supra,* 35 Cal.App.3d 374, 376 [110 Cal.Rptr. 757].) The statutory language, referring to the 'full' amount of an award makes no provision for credit for any partial payments made under compulsion of an award. (See *Ramsey v. Workmen's Comp. App. Bd.* (1969) 2 Cal. App.3d 693, 698 [83 Cal.Rptr. 51].) Thus, if any part of a specific benefit has been delayed or withheld, the penalty is imposed against the entirety of that benefit." (*Gallamore, supra,* 23 Cal.3d at p. 827.)

At first blush it might appear that under the above statement from *Gallamore* the penalty here applies to the entire permanent disability award except for that portion of the penalty covered by the March 1977 settlement. However, a close reading of *Gallamore* compels the limitation of the penalty to the permanent disability payments actually unreasonably delayed since far in advance of the hearing of May 24, 1978, and the award of June 9, 1978, County voluntarily brought Crowe's payments up to date and continued to pay timely thereafter without further delay.

### III

The proper application of *Gallamore* to the present matter requires examination of several decisions cited with approval therein.

In *Manning v. Workmen's Comp. App. Bd., supra,* 10 Cal.App.3d 655 the carrier failed to timely make permanent disability payments under an award and the penalty was also applied by the Board to the life pension. The issue before the court in *Manning* was "whether the penalty should have been computed by applying the penalty to temporary disability benefits previously paid under an earlier award as well as on the award of permanent [disability] benefits." (*Id.,* at p. 656.) Temporary disability had been awarded to the injured per award dated October 26, 1966. The carrier made no delay in the payment of the awarded temporary disability. On February 19, 1969, the referee[4] is-

---

[4]In 1975 the Board adopted the title "workers' compensation judge" in lieu of "referee." (W.C.A.B. Rules of Prac. & Proc. (Cal. Admin. Code, tit. 8, ch. 4.5, subch. 2, § 10302).)

sued a permanent disability award of 100 percent, equivalent to $21,000 with weekly payments of $52.50 to commence on August 20, 1968, and a life pension thereafter. In July 1969, a penalty claim was made by the injured for delay in payment of permanent disability. The Board applied the penalty to the "permanent disability benefits, including the life pension" but not to the previously paid temporary disability. (*Id.*, at p. 657.) The court upheld the refusal of the Board to apply the penalty to the temporary disability stating: "In the present case the Board correctly applied section 5814 by imposing the penalty on the full amount of the permanent disability benefits, including the life pension . . . and properly denied applicant's request to impose the penalty on previously paid temporary benefits." (*Id.*, at p. 659.)

The Supreme Court in *Garcia v. Workmen's Comp. Appeals Bd.* (1972) 6 Cal.3d 687 [100 Cal.Rptr. 149, 493 P.2d 877] was presented with the converse situation from *Manning.* In *Garcia* the claimant sought to impose a penalty calculated on an award of permanent disability because of a delay in paying temporary disability benefits under an earlier award. Relying on *Manning,* the court observed that "[W]here there has been an award of temporary disability indemnity, and a subsequent award is made giving the applicant permanent disability indemnity, a delay with respect to making payment under one award for one type of benefit does not entitle the applicant to have the penalty applied to payments under the other award for a different type of benefit where there has been no delay with respect to the latter payments." (*Garcia, supra,* at p. 690; fn. omitted.)

In *Daniels v. Workmen's Comp. Appeals Bd.* (1972) 27 Cal.App.3d 504 [104 Cal.Rptr. 129], the employee sustained an industrial injury on June 15, 1970. Shortly thereafter the employee filed a claim for workers' compensation benefits and gave notice that he would seek a penalty under Labor Code section 5814 for delayed temporary disability payments. Prior to any hearing the employer in mid-August 1970 then paid temporary disability covering the period from the date of injury through August 30, 1970. The employer made no further voluntary temporary disability payments as the company doctor had released the employee to return to work as of August 31, 1970. On July 16, 1971, an award issued which granted the employee: (1) further temporary disability from August 31, 1970 through January 17, 1971; (2) permanent disability benefits; (3) reimbursement of self-procured medical expense; (4) medical-legal costs; (5) future medical costs; and (6) a 10 percent penalty on the unreasonably delayed temporary disability for the period

June-August 1970. The employee sought to have the penalty applied to the entire award of July 1971, that is, to apply the penalty to the further temporary disability awarded, the permanent disability, medical benefits, and medical-legal costs. With *Garcia* cited as authority the court in *Daniels* upheld the Board's limitation of the penalty to the temporary disability payments *actually delayed.* (*Daniels, supra,* 27 Cal.App.3d at pp. 506-507.)

"Thereafter, in *State Comp. Ins. Fund* v. *Workmen's Comp. Appeals Bd.* [(*Sturm*)] (1973) 35 Cal.App.3d 374 [110 Cal.Rptr. 757], the court followed *Daniels* and held that the penalty should be assessed only upon the preaward benefits which were delayed, rather than upon the permanent disability and collateral benefits subsequently awarded at the time the penalty was imposed." (*Gallamore, supra,* 23 Cal.3d at p. 825.)

In *Gallamore* the Supreme Court recognized *Daniels* as an extension of the "*Garcia-Manning* rationale" (*Gallamore, supra,* at p. 825) and cites *Daniels* and *Sturm* with approval. (*Gallamore, supra,* at pp. 825-827.) Indeed, the Supreme Court in *Gallamore* states "[I]n *Adams* we were careful not to disapprove the *Manning, Garcia, Daniels* and *State Comp. Ins. Fund* [(*Sturm*)] line of cases which...developed the rule that the penalty should not be applied to those types of benefits which were neither delayed nor refused." (*Gallamore, supra,* at p. 826.)

*Gallamore* thus approves the *Daniels-Sturm* corollary of the *Garcia-Manning* rationale. Accordingly, the penalty here is limited to permanent disability payments not covered by the March 1977 settlement which were actually delayed until July 11, 1977, when County voluntarily brought all payments up to date and continued to voluntarily and timely pay thereafter until the award issued on June 9, 1978.

### IV

The penalty is annulled except as it applies to permanent disability benefits County actually unreasonably delayed and which were not encompassed in the March 1977 settlement. The cause is remanded to the Board for such further proceedings as are consistent with this opinion.

Stephens, Acting P. J., and Hastings, J., concurred.

Respondents' petitions for a hearing by the Supreme Court were denied May 21, 1980.