[Civ. No. 32631. Second Dist., Div. Two. Aug. 6, 1968.]

EDWARD L. VOGH, Petitioner, v. WORKMEN'S COMPENSATION APPEALS BOARD, GILBERT & DOLAN ENTERPRISES, INC., et al., Respondents.

Levy, DeRoy, Geffner & Van Bourg, Barry Satzman and Vernon Goldschmid for Petitioner.

Everett A. Corten and Sheldon M. Ziff for Respondents.

McCOY, J. pro tem.*—Applicant seeks review and annulment of an order of the Workmen's Compensation Appeals Board denying the assessment of a penalty pursuant to Labor Code, section 5814, for unreasonable delay in payment of compensation previously awarded.

Applicant sustained an industrial injury on July 23, 1965. Defendants paid temporary disability compensation in the sum of $5,160 at the rate of $70 per week from July 24, 1965, through November 10, 1966. After a hearing of applicant's claim on December 28, 1966, the referee issued findings and award on April 10, 1967. The findings were: that applicant had been adequately compensated for all periods of temporary disability through October 24, 1966; that applicant was entitled to permanent disability indemnity of $52.50 per week beginning November 1, 1966, and continuing for a period of 302 weeks until the sum of $15,855 was paid and thereafter a life pension at the rate of $18.78 per week; that defendants were entitled to a credit for overpayment of temporary disability for the period from October 25, 1966, through November 10, 1966; that applicant had incurred medical-legal costs of $435; and that the reasonable value of the services rendered by applicant's counsel was $1,500. The award directed that defendants pay the permanent disability benefits less the credit for overpayment of the temporary disability indemnity, less $1,500 attorneys' fees payable to applicant's counsel, together with further medical treatment, and that defendants pay medical-legal costs directly to the doctors. A petition for

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

reconsideration filed by the defendants was denied on May 29, 1967.

On June 22, 1967, applicant's counsel demanded that the defendants reimburse applicant for mileage in the sum of $179.74. This claim apparently had not been presented at the original hearing. On July 12, 1967, applicant requested a hearing on the issue of whether the statutory penalty should be imposed for unreasonable refusal to comply with the award of April 10, 1967. Hearing was set for August 24, 1967.

On May 25, 1967, defendants sent a check for $210 to the applicant marking it as permanent disability benefits for the period from May 24 through June 20, 1967. They also made a similar payment on July 5, 1967, for the period from June 21 through July 18, 1967, and another payment on August 2 for the period from July 19 through August 15, 1967. On July 31, 1967, defendants paid the amount requested for mileage. These were the only sums paid by the defendants at the time of the hearing on the penalty question on August 24, 1967.

It appears that permanent disability benefits of $52.50 per week beginning November 1, 1966, to June 28, 1967, (the date on which the award was no longer subject to review), would amount to $1,785. This sum was subject to a credit of $170 on account of the overpayment of temporary disability benefits and a credit of $210 for the payment made by the defendants to the applicant on May 25, 1967. Thus, on June 28, 1967, there was due the sum of $1,405 which was unpaid. The two other payments of $210 each made by the defendants simply covered the periods for which made.

The referee issued findings and award on October 19, 1967. He found that defendants had unreasonably delayed the furnishing of compensation benefits pursuant to the award of April 10, 1967, and increased the permanent disability and life pension benefits by 10 percent. On October 27, 1967, this award was amended to add an order that applicant's attorneys were entitled to $150 additional fees. On November 1, 1967, the applicant requested a certified copy of the original award for the purpose of filing it with the superior court and reducing it to judgment against defendants. (See Lab. Code, § 5806.) As a result of this request, the medical-legal costs and the attorney's fees were paid on November 7, 1967.

On November 9, 1967, the defendants timely petitioned for reconsideration of the penalty award. Applicant also petitioned for reconsideration contending that the 10 percent penalty should have been imposed on the temporary disability

benefits which he had previously received. On December 7, 1967, the appeals board set aside the penalty award made by the referee. In its opinion the appeals board states: ''In our opinion the matter of reimbursement for mileage should have been acted upon when brought to the attention of the defendants. That item had no relationship to any of the controversies and the compensable injury has not been in question. However, that item was not a part of the award of April 10, 1967, and cannot be a reason for assessing the penalty.

''Following our order of May 29, 1967, denying reconsideration of defendants' Petition, the date on which the first payment of permanent disability benefits was technically payable to applicant under the Award of April 10, 1967, seems to be June 10, 1967, by which time the defendants would have had to have made a decision as to whether or not to petition for a Writ of review, as the time to do so was then short.

''Nevertheless, the attorneys' fees awarded and due by June 10, 1967, were not paid until after applicant found it necessary to request on November 1, 1967, a certified copy of the Award for the purpose of reducing it to judgment. *This delay from the record seems to be inexcusable and the Appeals Board does not condone it.*

''The amount of benefits requiring an accrual to defray the award of attorneys' fee and to reimburse defendants for overpayment of temporary disability would make the first payment of benefits due to applicant on June 10, 1967. The record indicates that a payment to applicant was made on May 25, 1967. There was a commensurate delay in the second payment which was made on July 5, 1967, but this could have been an effort to adjust the early payment on May 25, 1967 to the actual date due.

''Upon the record before us, we are of the opinion that the penalty must be annulled and it will be so ordered. It should be noted, however, that *this Board, in annulling the penalty in this case, does not thereby approve of the manner in which payments have been handled by the defendants.*'' (Italics ours.)

Section 5814 of the Labor Code reads: ''When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts. Such delay or refusal shall consti-

tute good cause under Section 5803 to rescind, alter or amend the order, decision or award for the purpose of making the increase provided for herein.''

The cases which have considered this section are fully reviewed in *Langer* v. *Workmen's Comp. App. Bd.*, 258 Cal. App.2d 400 [65 Cal.Rptr. 598]. It was there held that when the delay in making payments required by an award is inexcusable, the 10 percent penalty must be imposed on ''the full amount of the order, decision or award'' as provided in section 5814. This does not mean that the penalty applies to medical-legal expenses which are in the nature of costs rather than compensation. (*Hockett* v. *Industrial Acc. Com.*, 170 Cal. App.2d 155 [338 P.2d 604].) Similarly, attorney's fees are not costs which the defendants are required to pay. They are an expense to the applicant but statutory provision is made to allow the attorney a lien against the compensation benefits awarded to the applicant. (Lab. Code, §§ 4902, 4903, subd. (a).) If the penalty is appropriate, it applies to the compensation to which the applicant is entitled and it is payable to the applicant and not to the lienholder. However, as the court held in *Hockett*, while the 10 percent penalty is properly allowed to the applicant on all compensation awarded, the lien of an unemployment compensation insurer cannot be increased by the additional 10 percent penalty since such an allowance would have been to duplicate the penalty award.

 In the case at bench the board expressly found that defendants' delay in making disability payments under the award was inexcusable and could not be condoned. Having so found, the board had no alternative but to impose the penalty provided by section 5814 of the Labor Code. Its failure to do so cannot be condoned by this court.

 Applicant contends that the 10 percent penalty should be applied to the temporary disability benefits which were apparently voluntarily paid before the hearing on his claim. In our opinion this contention is without merit. As the court pointed out in its footnote in *Langer* v. *Workmen's Comp. App. Bd., supra,* 258 Cal.App.2d at page 406: ''It is obviously an incentive to the making of voluntary payments that any future penalty will not extend to them. It appears to be the practice of the board to date awards from the date of injury, although board intervention is not sought until long after payments have been made on a purely voluntary basis. This seems to be merely an administrative convenience: It would do little violence to section 5814 to hold that payments

voluntarily made are not part of a later award, even though the order making the award purports to cover the period during which such payments are made and to give credit therefor.''

The decision of the board is annulled with directions to amend the original award to impose a 10 percent penalty on the award of permanent disability and life benefits.

Roth, P. J., and Herndon, J., concurred.