[Civ. No. 40171. Second Dist., Div. Four. Aug. 28, 1972.]

WILLIAM M. DANIELS, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD and
AMERICAN BUILDING MAINTENANCE COMPANY, Respondents.

**COUNSEL**

Geffner & Satzman and Robert Goldstein for Petitioner.

Baldwin & Thomas and Thomas E. Ryan for Respondents.

**OPINION**

**KINGSLEY, J.**—On June 15, 1970, petitioner sustained an industrial injury while in the employ of respondent American Building Maintenance Company (American), a permissibly self-insured employer. Shortly thereafter he filed a claim for workmen's compensation and gave notice that he would seek the statutory penalty for delayed payments provided for in section 5814 of the Labor Code. In mid-August of 1970, after those actions but prior to any hearing, the employer paid temporary disability, in the amount of $764.33, covering the period from the date of injury through August 30, 1970. The company doctor released petitioner as fit for work on August 31, 1970. No further payments were made by the employer until after the final award, which issued on July 16, 1971. That award granted: (1) Further temporary disability from August 31, 1970, through January 17, 1971, at $70.40 per week, amounting to $1,408; (2) Permanent disability of 13 percent, equivalent to 52 weeks, at $50.50 per week, amounting to $2,730; (3) Reimbursement for self-procured medical expense, amounting to $659.50; (4) Medical-legal costs; and (6) An award for future medical costs. The award also found that payment for temporary disability for the period of June-August, 1970,[1] was unreasonably delayed

---

[1]The original award mistakenly designated the period of delay as being from June to August, 1971; the decision on rehearing corrected that clerical error. As the parties have done, we use the correct dates in the text of our opinion.

and awarded a 10 percent penalty based on the amount due for that period —i.e., a penalty of $76.43. Petitioner sought a reconsideration which was granted but which resulted in a decision confirming the award as made, with a clerical correction.[2] Petitioner seeks to annul that decision. We conclude that the action of the appeals board was correct.

The case turns on the proper construction of section 5814 of the Labor Code, which reads as follows:

"When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts. Such delay or refusal shall constitute good cause under Section 5803 to rescind, alter or amend the order, decision or award for the purpose of making the increase provided for herein."

Petitioner contends that, taking the statute literally, the penalty should have been measured by the full amount of the June 1971 award, including the additional temporary disability therein awarded, the permanent disability award and the medical and medical-legal awards.[3] Both parties rely on the decision of the Supreme Court in *Garcia* v. *Workmen's Comp. Appeals Bd.* (1972) 6 Cal.3d 687 [100 Cal.Rptr. 149, 493 P.2d 877]. We think that case supports the decision of the board. In *Garcia*, the Supreme Court, at pages 689-690, quoted with approval the following language from *Manning* v. *Workmen's Comp. App. Bd.* (1970) 10 Cal. App.3d 655, 658-659 [89 Cal.Rptr. 76]:

" . . . we believe the words 'order, decision or award,' on the full amount of which the penalty must be applied, must be construed to mean the 'order, decision or award,' with respect to which payment of compensation has been unreasonably delayed." (*Garcia* v. *Workmen's Comp. Appeals Bd., supra,* 6 Cal.3d at pp. 689-690.)

In *Garcia*, there had been an award granting temporary disability, with a finding that payment of that relief had unreasonably been delayed; the award included the 10 percent penalty on the temporary disability therein awarded. Subsequently, a second award issued, granting permanent disability and the referee included an additional 10 percent penalty based on the amount of the new award. The appeals board struck out the second

[2]See footnote number 1.

[3]The board's decision on reconsideration notes that "it is agreed that none of the benefits awarded to the applicant [by the June 1971 award] were unreasonably delayed or refused."

penalty and its action was sustained by the Supreme Court. ■ If the unreasonable delay of payments made under an earlier award will not support a penalty based on a subsequent award, a fortiori the unreasonable delay of payments never included within any award cannot support a penalty on an award covering a later period, which involved no unreasonable delay.

The decision of the appeals board is confirmed.

Files, P. J., and Dunn, J., concurred.

A petition for a rehearing was denied September 13, 1972, and the opinion was modified to read as printed above. Petitioner's application for a hearing by the Supreme Court was denied October 25, 1972. Peters, J., was of the opinion that the petition should be granted.