[Civ. No. 42659. Second Dist., Div. Four. Nov. 16, 1973.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v. WORKMEN'S COMPENSATION APPEALS BOARD and AUDREY L. STURM, Respondents.

## COUNSEL

T. Groezinger, James J. Vonk, George S. Bjornsen and W. R. Lowndes for Petitioner.

Banks & Leviton, John R. Banks and Felix E. Smith for Respondents.

## OPINION

KINGSLEY, J.—The real party in interest, a physical education teacher, suffered an industrial injury on February 4, 1972. Her employer paid her salary through the rest of that school year and furnished medical care. Her employment was terminated at the close of the school year (June 30, 1972) and payments then ceased. ■ Petitioner (the employer's insurance carrier) learned of that termination on August 7, 1972,[1] but it did not make any payments on account of disability until September 14, 1972, when it paid to her the amount of the unpaid back payments. There has been no further delay. Ultimately the real party in interest was awarded permanent disability and collateral benefits, the award making no provision for temporary disability beyond reciting that they had been "adequately paid."

---

[1] The petition puts the date of petitioner's knowledge of the termination of payments by the employer as August 14, 1972; the referee's report on the petition to the board for reconsideration sets the date as August 7, 1972; we accept the referee's factual finding.

However the award found unreasonable delay in making the disability payment as above recounted and imposed the 10 percent penalty provided for in section 5814 of the Labor Code on the full amount of the final award. The appeals board affirmed.

The action of the referee and the board was in direct conflict with our opinion in *Daniels* v. *Workmen's Comp. Appeals Bd.* (1972) 27 Cal. App.3d 504 [104 Cal.Rptr. 129]. In that case, following our interpretation of *Garcia* v. *Workmen's Comp. Appeals Bd.* (1972) 6 Cal.3d 687 [100 Cal.Rptr. 149, 493 P.2d 877], we affirmed an award which imposed the 10 percent penalty only on the temporary disability payments actually delayed unreasonably. The Supreme Court denied a hearing. The same result should follow here. Admittedly, only the amount due from July 1 to September 14, 1972, was unreasonably delayed.[2] It is only on that amount that the 10 percent penalty may be imposed.

The order is annulled insofar as it imposes on petitioner a penalty computed on the entire amount awarded by the award of May 13, 1973; the matter is remanded to the board with directions to make a new award of penalty consistent with this opinion.

Files, P. J., and Jefferson, J., concurred.

The petition of respondent Sturm for a hearing by the Supreme Court was denied January 10, 1974.

---

[2]Admittedly, petitioner was under no duty to pay benefits to the real party in interest until it knew of the termination of payments by the employer, but its liability ran from the date of actual termination.