[No. S022239. Apr. 8, 1993.]

GRANT DAVID RHINER, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, TED JONES et al.,
Respondents.

COUNSEL

William A. Herreras for Petitioner.

Phillip N. Bruce as Amicus Curiae on behalf of Petitioner.

Hogen J. Kallemeyn and Charles E. Stevenson for Respondents.

Mark R. Lippman, Haworth, Bradshaw & Chaney and C. Gordon Taylor as Amici Curiae on behalf of Respondents.

OPINION

**KENNARD, J.**—When a worker suffers an industrial injury, the employer is required by law to provide workers' compensation benefits. This obligation to provide benefits arises shortly after the injury has been incurred. When, upon a worker's application, the Workers' Compensation Appeals Board (WCAB) issues an order or award, it includes benefits that the employer already has or should have paid, as well as benefits the employer is to pay in the future. (See, e.g., Lab. Code, §§ 4600, 4650; all further statutory citations are to the Labor Code.) If the employer has unreasonably delayed or refused payment of benefits, section 5814 requires that the WCAB, as a penalty for the employer's improper conduct, increase by 10 percent "the full amount of the order, decision or award."

The issue in this case concerns the computation of the section 5814 penalty. More specifically, it is whether payments that were made by the

employer before the WCAB's award (preaward payments) and were not unreasonably delayed should be deducted before levying the 10 percent increase. We conclude, based on the unambiguous language of the statute, its legislative history, and this court's decision in *Gallamore* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 815 [153 Cal.Rptr. 590, 591 P.2d 1242] (*Gallamore*), that the penalty must be applied to the full amount of the award for the class of compensation in which the payment was unreasonably delayed or refused, without deduction of preaward payments.

## FACTS

On January 9, 1988, petitioner Grant David Rhiner was injured when he fell off a roof at work. Because his employer[1] denied liability, petitioner filed an "Application for Adjudication of Claim." The workers' compensation judge found that petitioner was entitled to compensation for his injuries.

Petitioner received orthopedic treatment from Dr. Malcolm Lesavoy at the University of California at Los Angeles (UCLA). Dr. Lesavoy recommended that petitioner be examined by Dr. Kimberly McCallum, a psychiatrist at the UCLA Neuropsychiatric Institute. Dr. McCallum prescribed medication for petitioner, and recommended that petitioner continue to receive psychotherapy from a clinical psychologist, Dr. Laurie Reifsnyder, near his home in Arroyo Grande.

Dr. Reifsnyder provided petitioner psychotherapy from August 1988 through January 1990. Petitioner's employer refused to pay for this treatment, claiming, erroneously so, that it was duplicative of psychiatric treatment petitioner was receiving at UCLA. Invoking section 5814, petitioner applied for the imposition of a penalty against his employer.

The workers' compensation judge judicially noticed that petitioner's home was approximately 200 miles from UCLA, and found that the employer had acted unreasonably by insisting that petitioner be required to travel to UCLA to receive psychotherapy. Citing *Gallamore, supra,* 23 Cal.3d 815 and *Toccalino* v. *Workers' Comp. Appeals Bd.* (1982) 128 Cal.App.3d 543 [180 Cal.Rptr. 427], the judge imposed a section 5814 penalty: a 10 percent increase in "the cost of all past, present, and future medical treatment, in an exact amount to be adjusted by the parties . . . ."

The WCAB affirmed the finding by the workers' compensation judge that the employer had unreasonably refused to pay for Dr. Reifsnyder's treatment

---

[1]The employer, Ted Jones, and the employer's workers' compensation insurance carrier, MSI Insurance Company, are both parties in this case. For convenience, they are referred to collectively as "employer."

of petitioner. ■■■■ The WCAB, however, concluded that the penalty should be assessed only against the amount of the unpaid medical treatment as of the date of the award and future medical treatment, not against the cost of medical treatment for which the employer had already paid.[2] In reaching this conclusion, the board relied on *County of Los Angeles v. Workers' Comp. Appeals Bd. (Crowe)* (1980) 103 Cal.App.3d 877 [163 Cal.Rptr. 246] (*Crowe*), and *Kaminski v. Workers' Comp. Appeals Bd.* (1981) 126 Cal.App.3d 778 [179 Cal.Rptr. 125] (*Kaminski*).

Petitioner sought review in the Court of Appeal. That court accepted review and concluded that the workers' compensation judge had calculated the section 5814 statutory penalty correctly, as 10 percent of the entire medical treatment award, and that the WCAB had calculated the penalty incorrectly, as 10 percent of what remained of the medical treatment award after deducting the employer's preaward payments. In arriving at its conclusion, the Court of Appeal followed *Toccalino v. Workers' Comp. Appeals Bd., supra,* 128 Cal.App.3d 543 (*Toccalino*), and *Consani v. Workers' Comp. Appeals Bd.* (1991) 227 Cal.App.3d 12 [277 Cal.Rptr. 619] (*Consani*). It rejected the two cases on which the WCAB had based its decision, finding them irreconcilable with *Gallamore, supra,* 23 Cal.3d 815. We granted review to resolve the division of authority.

## DISCUSSION

The resolution of the appropriate means of computing the penalty against the employer for unreasonable delay in payment to the injured employee centers on the construction of section 5814. ■ As in all problems of statutory interpretation, it is appropriate to begin with the words of the provision to be construed, as these words are generally "the best indicator of legislative intent." (*Adoption of Kelsey S.* (1992) 1 Cal.4th 816, 826 [4 Cal.Rptr.2d 615, 823 P.2d 1216].)

Section 5814 says: "When payment of compensation has been *unreasonably delayed or refused,* either prior to or subsequent to the issuance of an award, *the full amount of the order, decision or award shall be increased by*

---

[2]Here, the workers' compensation judge's "Findings and Award and Order" and the WCAB's "Opinion and Order Granting Reconsideration and Decision After Reconsideration" do not clearly state that preaward medical benefits as well as future medical benefits have been awarded. As we said in *Mercer-Fraser Co. v. Industrial Acc. Com.* (1953) 40 Cal.2d 102, 124 [251 P.2d 955], it is essential that any findings or conclusions be sufficiently specific and detailed "so that by reading them and referring to the record the parties can tell and this court can tell with reasonable certainty" what the facts and the theory are that underlie the WCAB's findings and conclusions. (See also *Toccalino v. Workers' Comp. Appeals Bd., supra,* 128 Cal.App.3d 543, 558.) We again remind the WCAB of the need for such specificity. The WCAB should pay heed to this admonition.

*10 percent.* The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts. Such delay or refusal shall constitute good cause under section 5803 to rescind, alter or amend the order, decision or award for the purpose of making the increase provided for herein." (Italics added.)

██ Section 5814 expressly requires that the penalty be calculated as a 10 percent increase of the "full amount of the order, decision or award." It makes no provision for any deductions or credits, nor does it distinguish between benefits payable before and after the award. Thus, it is clear from the plain wording of the statute that the Legislature intended the penalty to be applied against the total amount of the award, without a deduction or credit for the employer's timely preaward payments.

Additional support for this conclusion is found in the statute's legislative history. Section 5814 was enacted in 1945. (Stats. 1945, ch. 802, § 2, p. 1497.) Before 1945, the subject of an employer's unreasonable delay in payment of benefits to the injured employee was addressed in section 5811. As originally enacted in 1917, section 5811 granted the Industrial Accident Commission (the predecessor of the WCAB) discretionary authority to award interest on the amounts of compensation unreasonably delayed, at the rate of 1.5 percent per month during the period of delay.[3] Section 5811 was amended in 1937 (Stats. 1937, ch. 90, § 5811, p. 302), but its substance was not changed. The amended statute also provided that the commission could allow interest on the payments unreasonably delayed.[4]

In 1945, the Legislature enacted section 5814 (Stats. 1945, ch. 802, § 2, p. 1497) and transferred the interest provisions from former section 5811 to section 5800 (Stats. 1945, ch. 695, § 1, p. 1380).[5] Section 5814, unlike former section 5811, is mandatory. It states that the award "shall" be increased. And, unlike the former section, section 5814 directs that the "full amount of the order, decision or award" be increased by 10 percent, not that an increase in the form of interest be limited to the payments of compensation unreasonably delayed. Thus, section 5814's express and unambiguous

---

[3]When it was enacted in 1917, section 5811 provided in pertinent part: ". . . the commission may, in its discretion, where payments of compensation have been unreasonably delayed, allow the beneficiary thereof interest thereon, at not to exceed one and one-half per cent per month, during such period of delay." (Stats. 1917, ch. 586, § 23, p. 851.)

[4]As amended in 1937, section 5811 read: "Where payments of compensation have been unreasonably delayed, the commission may allow the beneficiary thereof interest thereon, at not to exceed one and one-half per cent per month, during such period of delay." (Stats. 1937, ch. 90, § 5811, p. 302.)

[5]The 1945 amendments also modified the nature of the interest calculations. Instead of imposing interest as a penalty based on unreasonable delay in providing compensation, the Legislature directed that WCAB awards would accrue interest at the same rate as judgments in civil actions.

language and the legislative history of the statute, compel the conclusion that the penalty must be assessed against the full amount of the award, without deduction of preaward payments. This is the same conclusion we reached in *Gallamore, supra,* 23 Cal.3d 815.

*Gallamore,* a unanimous decision of this court, held that "the penalty [under section 5814] is to be computed by assessing 10 percent *of the entire amount ultimately awarded for the particular class of benefit* which has been unreasonably delayed or withheld." (*Gallamore, supra,* 23 Cal.3d at p. 827; italics added.)

Nevertheless, subsequent to *Gallamore, supra,* 23 Cal.3d 815, the Courts of Appeal in *Crowe, supra,* 103 Cal.App.3d at page 882, and *Kaminski, supra,* 126 Cal.App.3d at page 782, held that the penalty is to be computed not on the entire amount awarded, but only on the amount of the preaward benefits unreasonably delayed or refused plus the amount of future benefits for the same class contained in the order or award. Thereafter, the Courts of Appeal in *Toccalino, supra,* 128 Cal.App.3d 543, *Consani, supra,* 227 Cal.App.3d 12, and this case held that the penalty must be computed on the entire amount ultimately awarded for the particular class of benefits; they also concluded that the decisions in *Crowe* and *Kaminski* could not be reconciled with *Gallamore.*

The division of authority centers on this court's decision in *Gallamore, supra,* 23 Cal.3d 815. To resolve this conflict, we shall, in the sections that follow, review *Gallamore,* address the analysis of both lines of authority, and consider the arguments presented by the parties and amicus curiae.

1. *Our Decision in Gallamore*

In *Gallamore, supra,* 23 Cal.3d 815, this court addressed a number of questions concerning the section 5814 penalty. We held that the amount of the penalty does not vary depending on whether the unreasonable delay occurred before or after the award was issued (*Gallamore, supra,* at pp. 821-822); that the WCAB could consider the size of delinquency to determine whether the employer had acted unreasonably, but that, if it found unreasonable behavior, it could not refuse to impose the penalty on the ground that the amount of the delinquency was de minimis (*id.* at pp. 822-823); and that multiple penalties should be imposed for several separate or distinct acts of delay or nonpayment (*id.* at pp. 823-824).

We addressed the issue presented in this case—whether any of the employer's prior payments should be excluded in assessing the 10 percent

surcharge—in a part of our opinion in *Gallamore* bearing the heading "Computation of Penalty." (*Gallamore, supra*, 23 Cal.3d at p. 824.) The issue was one of two discussed in that part of the opinion, the other being whether the section 5814 penalty must be assessed against all classes or categories of compensation included in the award. We addressed this latter issue first, holding that the penalty is to be assessed against only the amount awarded for the particular class of benefit in which the employer had been delinquent. (*Gallamore, supra*, 23 Cal.3d at p. 824.)

In a single paragraph, we disposed of the claim that prior payments should be deducted from the award before assessing the 10 percent increase. Because of its obvious importance, we quote this paragraph from *Gallamore* in full:

"Carrier argues that the penalty should be applied to the *net* amount of benefits remaining unpaid, thereby permitting credit to the employer or carrier for amounts previously paid without delay on the specific benefit awarded. (See *Adams v. Workers' Comp. Appeals Bd.* [(1976)] 18 Cal.3d 226, 229, fn. 2 [133 Cal.Rptr. 517, 555 P.2d 303]; *State Comp. Ins. Fund v. Workmen's Comp. Appeals Bd.* [(*Sturm*), (1973)] 35 Cal.App.3d 374, 376 [110 Cal.Rptr. 757].) The statutory language, referring to the 'full' amount of an award makes no provision for credit for any partial payments made under compulsion of an award. (See *Ramsey v. Workmen's Comp. App. Bd.* (1969) 2 Cal.App.3d 693, 698 [83 Cal.Rptr. 51].) Thus, if any part of a specific benefit has been delayed or withheld, the penalty is imposed against the entirety of that benefit." (*Gallamore, supra*, 23 Cal.3d at p. 827, italics in original.)

In the final part of the *Gallamore* opinion, entitled "Summary," this court reiterated the holding that the penalty is to be computed on "the entire amount ultimately awarded for the particular class of benefit which has been unreasonably delayed or withheld." (23 Cal.3d at p. 827.) Although our discussion of the issue was brief, the content of our holding is not, we think, reasonably subject to dispute, despite the divergent views subsequently taken by the Courts of Appeal.

First, the carrier's contention, as recited in our *Gallamore* opinion, was that "the penalty should be applied to the *net* amount of benefits remaining unpaid, thereby permitting credit to the employer or carrier for amounts previously paid without delay on the specific benefit awarded." (*Gallamore, supra*, 23 Cal.3d at p. 827, original italics.) Our holding was plainly a rejection of that contention.

Second, in *Gallamore* we cited *Ramsey v. Workmen's Comp. App. Bd.* (1969) 2 Cal.App.3d 693 [83 Cal.Rptr. 51] for the limited proposition that

the language of section 5814 would not permit a deduction of payments made under compulsion of an award. We did not suggest that the statutory language contained anything permitting a deduction of preaward payments, and, in truth, the statutory language is equally hostile to that proposition.

Third, *Gallamore*'s summary of the holding on this issue—that the WCAB is to compute the penalty on "the entire amount ultimately awarded for the particular class of benefit which has been unreasonably delayed or withheld" (*Gallamore, supra*, 23 Cal.3d at p. 827)—does not allow for deductions for prior payments.

Finally, to read into *Gallamore* an approval of deductions for preaward payments by the employer renders the disposition in *Gallamore* inconsistent. The facts of the case, as recited in the opinion, were that the carrier had delayed in reimbursing the employee for travel expenses, but had made the reimbursement before the hearing and award. The employee had requested three separate section 5814 penalties, one being for the delay in reimbursing travel expenses. The WCAB had imposed only one of the requested penalties, and it had imposed no penalty for delay in travel expense reimbursement. (*Gallamore, supra*, 23 Cal.3d at pp. 820-821.) We remanded the matter to the WCAB to reconsider the employee's two additional penalty claims. In particular, we stated that unreasonable delay in reimbursing travel expenses, if proved, "would justify another 10 percent penalty, applied to the total amount of travel expenses for which reimbursement was proper." (*Id.* at p. 827.) This language can only mean that the carrier's belated but pre-award reimbursement of travel expenses was not exempt from the penalty assessment.

## 2. *Court of Appeal's Decisions in Crowe and Kaminski*

The first case to consider our holding in *Gallamore, supra*, 23 Cal.3d 815, was the Court of Appeal's decision in *Crowe, supra*, 103 Cal.App.3d 877. There, the employer had been delinquent in preaward payments of permanent disability but had brought all payments up to date before the hearing and award. The court noted that "at first blush" it might appear *Gallamore* required that the section 5814 penalty be applied to the entire award of permanent disability, but it concluded that "a close reading of *Gallamore*" indicated that the WCAB should apply the penalty only to the preaward permanent disability payments that were "actually unreasonably delayed." (*Crowe, supra*, at p. 882.)

The *Crowe* court justified this conclusion by reading two pre-*Gallamore* Court of Appeal decisions—*Daniels* v. *Workmen's Comp. Appeals Bd.* (1972)

27 Cal.App.3d 504 [104 Cal.Rptr. 129] (*Daniels*), and *State Comp. Ins. Fund v. Workmen's Comp. Appeals Bd.* (*Sturm*) (1973) 35 Cal.App.3d 374 [110 Cal.Rptr. 757] (*Sturm*)—as holding that when payments have been delayed during the preaward period, but all delinquencies have been cured before the hearing and award, the section 5814 penalty should be assessed only against payments actually delayed. *Crowe* then interpreted this court's citation of these two decisions in *Gallamore, supra,* 23 Cal.3d 815, as approval of these holdings. (*Crowe, supra,* 103 Cal.App.3d at pp. 883-884.)

Although the *Crowe* court's reasoning might be questioned on other grounds as well,[6] for present purposes it is sufficient to note one analytic flaw. In *Gallamore,* we cited *Daniels, supra,* 27 Cal.App.3d 504, and *Sturm, supra,* 35 Cal.App.3d 374, in discussing whether the section 5814 penalty applied to all classes of benefits awarded or only to the class of benefit in which the employer was delinquent in payment. (*Gallamore, supra,* 23 Cal.3d at pp. 825-826.) Any implied approval of the cited cases went only to their holdings on that particular issue. We did not cite these two cases in our discussion of the contention that the penalty should be assessed only against the net amount of the award remaining after deduction of benefit payments made without unreasonable delay.

The Court of Appeal's decision in *Crowe, supra,* 103 Cal.App.3d 877, was discussed by a different Court of Appeal in *Kaminski, supra,* 126 Cal.App.3d 778. The court in *Kaminski* reasoned that because our opinion in *Gallamore* cited *Ramsey v. Workmen's Comp. App. Bd., supra,* 2 Cal.App.3d 693, we had endorsed that decision's distinction between "pre-award benefits voluntarily paid and benefits paid under compulsion of award." (*Kaminski, supra,* 126 Cal.App.3d at p. 783.) That conclusion is incorrect. In *Gallamore* we cited *Ramsey* in support of our holding that payments made after an award were included in the calculation of the penalty levied against the employer for unreasonable delays or refusal to pay benefits to the injured employee. (*Gallamore, supra,* 23 Cal.3d at p. 827.) We did not rely on *Ramsey* for the proposition that payments made before an award are to be excluded from the computation of the penalty. Indeed, in *Gallamore* we reached a holding contrary to that reached by the Court of Appeal in *Ramsey.* (23 Cal.3d at p. 827.)

---

[6]For example, the Court of Appeal in *Crowe, supra,* referred to payments made by the employer before the actual issuance of an award as "voluntarily" made. (103 Cal.App.3d at p. 884.) This terminology, which has been repeated in subsequent cases, is misleading. An employer has a legal obligation to provide workers' compensation benefits commencing shortly after the industrial injury and before the issuance of a formal award. (See, e.g., §§ 4600 et seq. [medical care], 4650 et seq. [disability payments].) Preaward payments are "voluntary" only in the sense that at the time they are made an actual order compelling payment does not yet exist. They are voluntary in the same sense that paying income taxes is "voluntary."

### 3. *Courts of Appeal's Decisions in Toccalino and Consani*

In *Toccalino, supra,* 128 Cal.App.3d 543, 555, the Court of Appeal held that a section 5814 penalty must be applied to the full amount of the award for the class of benefits in which the delinquency occurred, without deduction of amounts previously paid, and irrespective of whether or not the prior payments were timely, preaward, or predelinquency. The *Toccalino* court properly declined to read *Gallamore*'s citation of certain decisions as approval of any proposition other than the one for which those cases were actually cited. The court properly focused on the statutory language, the contention actually considered by this court in *Gallamore, supra,* 23 Cal.3d 815, and the language in *Gallamore* rejecting that contention.

The issue again arose in *Consani, supra,* 227 Cal.App.3d 12. The court in *Consani,* like the court in *Toccalino, supra,* 128 Cal.App.3d 543, concluded that the reasoning of *Crowe, supra,* 103 Cal.App.3d 877, could not be reconciled with our holding in *Gallamore.* The *Consani* court also addressed an additional contention based on certain language in our *Gallamore* opinion. In *Consani,* the employer argued that because our decision in *Gallamore* had cited *Garcia v. Workmen's Comp. Appeals Bd.* (1972) 6 Cal.3d 687 [100 Cal.Rptr. 149, 493 P.2d 877], *Gallamore* reaffirmed a footnote in *Garcia, supra,* at page 690, stating that payments made before the issuance of an award should not be included in calculating the section 5814 penalty against the employer. (*Consani, supra,* 227 Cal.App.3d at p. 18.)

The Court of Appeal in *Consani* rejected the employer's argument. The court correctly noted that *Gallamore* made no reference to the *Garcia* footnote, that the footnote was unnecessary to the decision in *Garcia,* and that the cases cited in the *Garcia* footnote did not support *Gallamore*'s conclusion. (*Consani, supra,* 227 Cal.App.3d at pp. 18-20.) Accordingly, the *Consani* court concluded that our opinion in *Gallamore* did not adopt the *Garcia* footnote.

As this discussion confirms, the Courts of Appeal in *Toccalino, supra,* 128 Cal.App.3d 543, and *Consani, supra,* 227 Cal.App.3d 12, correctly analyzed our decision in *Gallamore, supra,* 23 Cal.3d 815. Our *Gallamore* decision did not accept the proposition that any of an employer's preaward payments were to be excluded in calculating the section 5814 penalty. Indeed, we expressly held the opposite.

### 4. *Payments made Under "Compulsion of an Award"*

In this case, the employer argues that our decision in *Gallamore, supra,* 23 Cal.3d 815, did not entirely reject the concept of deductions for an employer's preaward payments in calculating the section 5814 penalty levied

against the employer for unreasonable delay in payment of benefits to the injured employee. The employer focuses on language in the second to last paragraph of our *Gallamore* opinion in which we admonished the WCAB to "proceed with a view toward achieving a fair balance between the right of the employee to prompt payment of compensation benefits, and the avoidance of imposition upon the employer or carrier of harsh and unreasonable penalties." (23 Cal.3d at p. 828.) The employer contends that under *Gallamore* any preaward payments, that is, payments not made under "compulsion of an award," must be excluded from the section 5814 penalty calculation.

The sentence in *Gallamore, supra,* upon which the employer relies reads: "The statutory language [of section 5814], referring to the 'full' amount of an award makes no provision for credit for any partial payments made under compulsion of an award." (23 Cal.3d at p. 827.) This sentence says that amounts paid after an award *must* be included in the penalty computation; it does not say that payments made before an award must be excluded. The quoted sentence does not imply that an employer's payments made after an award are "compulsory" and those made before the award are "voluntary." In either case, the payments are made under compulsion of law. As we noted earlier, in footnote 6, at page 1222, an employer has a legal obligation to provide workers' compensation benefits commencing shortly after the employee's industrial injury and before the issuance of a formal award. Preaward payments are "voluntary" only in the sense that at the time they are made an actual order compelling payment does not yet exist. They are voluntary in the same sense that paying income tax is "voluntary."

More important, the context of the sentence in *Gallamore, supra,* negates the employer's contention. The sentence immediately preceding the sentence on which the employer relies says: "Carrier argues that the penalty should be applied to the *net* amount of benefits remaining unpaid, thereby permitting credit to the employer or carrier for amounts *previously paid* without delay on the specific benefit awarded." (23 Cal.3d at p. 827, second italics added.) This sentence describes the very argument made here, namely, that the employer should be given a credit for benefits previously paid. The immediately following sentence specifically rejects this argument: "Thus, if any part of a specific benefit has been delayed or withheld, the penalty is imposed against the entirety of that benefit." (23 Cal.3d at p. 827.)

5. *WCAB Discretion*

In the second to last paragraph of our *Gallamore* opinion, we admonished the WCAB to strike "a fair balance between the right of the employee to prompt payment of compensation benefits, and the avoidance of imposition

upon the employer or carrier of harsh and unreasonable penalties." (23 Cal.3d at p. 828.) The employer here construes this language from *Gallamore* as meaning that the WCAB has discretion (1) to base the 10 percent penalty solely on the amount the employer unreasonably delayed paying, (2) to base it on the entire amount owed to the employee, or (3) to base it on anything in between these two sums. Thus, the employer argues, the WCAB acted within its discretion when it imposed the 10 percent penalty on the amount of the injured employee's unpaid medical treatment as of the date of the award, along with all future medical treatment.

What the employer overlooks or ignores is that the *Gallamore* statement at issue immediately followed one in which we declined to express an opinion as to whether certain acts of the carrier had been unreasonable. (*Gallamore, supra,* 23 Cal.3d at pp. 827-828.) Read in context, the statement in question pertains to the WCAB's authority to decide whether a penalty should be assessed at all, not to the calculation of the penalty. Elsewhere, the *Gallamore* opinion indicates that the board does not have discretion to ignore de minimis delinquencies (*id.* at pp. 822-823), holds that the penalty is imposed against the entirety of the benefit of which any part was unreasonably delayed or withheld (*id.* at p. 827), and notes that once the determination to assess a penalty has been made, the amount "can be readily computed" (*id.* at p. 822).

By limiting the penalty to the class of benefits in which the employer's delinquency occurred, and by precluding all deductions for the employer's previous payments of benefits to the injured worker, *Gallamore* established a method of penalty computation that is relatively simple and vests no discretion in the WCAB.

### 6. *Policy Considerations*

The employer argues that policy considerations support its view that a section 5814 penalty should be calculated without including timely payments that the employer made before the formal issuance of an award. The employer asserts that the potential harshness of imposing a 10 percent penalty on the full amount of the award when the amount delayed or refused is small militates against including preaward payments in the penalty calculation.

The express language of the statute, however, compels the conclusion we reached in *Gallamore, supra,* that the penalty must be assessed on "the entire amount ultimately awarded for the particular class of benefit which has been unreasonably delayed or withheld." (23 Cal.3d at p. 827.) Section 5814,

which has not been substantively amended since its enactment in 1945, states that "the full amount of the order, decision or award shall be increased by 10 percent." The words "full amount" are unambiguous and necessarily preclude the WCAB from basing the 10 percent penalty against the employer on less than the full amount of the award. ■■ When, as here, the language of a statute is clear and unambiguous, its meaning should generally be followed. (See e.g., *DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 601 [7 Cal.Rptr.2d 238, 828 P.2d 140]; *People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1007-1008 [239 Cal.Rptr. 656, 741 P.2d 154].)

■■ ■ ■ It is true, as the employer argues, that under section 5814 the employer's unreasonable delay or refusal to pay a small amount of benefits to the injured employee may result in a large penalty.[7] It is also true, however, that an unreasonable delay or refusal in payment that is monetarily of little consequence to an employer or carrier may be disastrous to an injured worker struggling to obtain medical treatment and to pay basic household expenses. (*Consani, supra,* 227 Cal.App.3d at p. 24.) Thus, there are competing policy considerations.[8] When the Legislature enacted section 5814, it struck what it concluded to be the appropriate balance between the competing considerations. ■■ Second-guessing that policy determination, which is what the employer would have us do, is not an appropriate task for this court. (*Wells Fargo Bank* v. *Superior Court* (1991) 53 Cal.3d 1082, 1099 [282 Cal.Rptr. 841, 811 P.2d 1025]; *Napa Valley Wine Train, Inc.* v. *Public Utilities Com.* (1990) 50 Cal.3d 370, 376 [267 Cal.Rptr. 569, 787 P.2d 976].)

■■ The employer and amici curiae argue that the enactment of the Margolin-Bill Greene Workers' Compensation Reform Act of 1989 (Stats. 1989, ch. 892, p. 2982; *id.,* ch. 893, p. 3040) is an intervening circumstance that makes this court's decision in *Gallamore* "ripe for reconsideration." (See *Moradi-Shalal* v. *Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287, 297 [250 Cal.Rptr. 116, 758 P.2d 58].)

The legislation in question, which applies only to injuries occurring on or after January 1, 1990 (Stats. 1989, ch. 893, § 6, p. 3045), made a number of

---

[7]The employer also argues that imposing the section 5814 penalty against the full amount of the award for the class of benefits unreasonably delayed encourages employers to delay future payments, because the penalty will be the same no matter how long or how often the employer delays payment. We disagree: successive delinquencies require the imposition of multiple penalties. (*Gallamore, supra,* 23 Cal.3d at pp. 823-824.)

[8]The employer has not challenged the penalty imposed in this case on the ground that, in relation to the detriment to the injured worker, it is so excessive as to violate due process. (See *Hale* v. *Morgan* (1978) 22 Cal.3d 388, 397-404 [149 Cal.Rptr. 375, 584 P.2d 512].) Accordingly, we do not here address the potential due process limitations pertaining to section 5814 penalties. (See Cal. Const. art. III, § 3.5 [administrative agency lacks authority to declare statute unenforceable].)

changes in the provisions of workers' compensation law. It did not alter or amend section 5814. Among other things, it set a number of time limits to expedite workers' compensation hearings (§ 5502, subd. (c)), required an increased temporary disability rate when the employer fails to commence vocational rehabilitation benefits in a timely manner (§ 4642), and established an Office of Benefit Assistance and Enforcement (§ 129, subd. (a)) with authority to impose administrative penalties to ensure that injured workers promptly receive the compensation to which they are entitled. (§ 129.5.) The legislation also amended section 4650 to require the payment of temporary and permanent disability benefits within 14 days (§ 4650, subds. (a), (b)), and to provide that "[i]f any indemnity payment is not made timely as required by this section, the amount of the late payment shall be increased 10 percent and shall be paid, without application, to the employee . . . ." (§ 4650, subd. (d).)

Contrary to the assertions of the employer and amici curiae, the new legislation supports this court's decision in *Gallamore, supra,* 23 Cal.3d 815. By shortening time limits for compensation payments, expediting legal proceedings, and adding new penalties for delay in benefit payments, the Legislature has indicated its continuing concern with the problem of delay or refusal by employers to timely pay compensation benefits to injured employees. The new section 4650 penalty does not duplicate or supersede the section 5814 penalty. First, the section 4650 penalty, unlike the section 5814 penalty, contains no requirement that the employer's delay in providing benefits be unreasonable, nor does it require an application by the employee. Second, the section 4650 penalty is a self-executing, strict liability provision, that applies only to delays in the payment of temporary or permanent disability payments; by contrast, the section 5814 penalty applies to an employer's unreasonable delay or refusal to make payments of any class of compensation. These considerable differences persuade us that the Legislature intended the section 4650 penalty to supplement, not to replace, the section 5814 penalty. Nothing in the new legislation suggests we should reconsider our decision in *Gallamore, supra,* 23 Cal.3d 815.

## CONCLUSION

We reaffirm our holding in *Gallamore, supra,* 23 Cal.3d 815, that the penalty required by section 5814—as the language of that statute plainly states and its legislative history confirm—must be assessed against the entire amount ultimately awarded to the employee for the class of compensation in which the payment was unreasonably delayed or refused by the employer, without deduction of payments made by the employer before the formal

award.[9] Any unfairness that the employer perceives in the statutorily mandated penalty assessment should be addressed to the Legislature.

The judgment of the Court of Appeal is affirmed.

Lucas, C. J., Mosk, J., Panelli, J., Baxter, J., and George, J., concurred.

**ARABIAN, J.**—I concur in the judgment.

In the past a number of courts, including our own, have elected to avoid the harsh and inequitable consequences of a literal application of Labor Code section 5814 (section 5814). The majority here, with little concern for these prior decisions, have decided that sound policy shall prevail over plain language no longer; regardless of common sense or fairness, the penalty for late payments of workers' compensation benefits shall apply to the "full amount of the . . . award" without exception for timely preaward payments.

The majority's devotion to text is difficult to fault. Yet candor compels that we acknowledge a departure from precedent when it occurs, and recognize that the laudable imperatives which informed such decisions as *Gallamore* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 815 [153 Cal.Rptr. 590, 591 P.2d 1242] (*Gallamore*) have been abandoned. The remedy rests with the Legislature, but only a clear understanding of the breach that we have created by our decision will ensure that it is filled through prompt and effective legislative action.

### DISCUSSION

Section 5814 provides, in pertinent part, as follows: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts."

Section 5814 is thus comprised of two parts: one relating to the question whether payment of compensation has been unreasonably delayed, in which

---

[9]The following cases, to the extent they are inconsistent with this holding, are disapproved: *Kaminski* v. *Workers' Comp. Appeals Bd.*, *supra*, 126 Cal.App.3d 778; *County of Los Angeles* v. *Workers' Comp. Appeals Bd.* (*Crowe*), *supra*, 103 Cal.App.3d 877; *Manning* v. *Workmen's Comp. App. Bd.* (1970) 10 Cal.App.3d 655 [89 Cal.Rptr. 76]; *Garcia* v. *Workmen's Comp. Appeals Bd.*, *supra*, 6 Cal.3d 687; *Daniels* v. *Workmen's Comp. Appeals Bd.*, *supra*, 27 Cal.App.3d 504; *State Comp. Ins. Fund* v. *Workmen's Comp. Appeals Bd.* (*Sturm*), *supra*, 35 Cal.App.3d 374; *Ramsey* v. *Workmen's Comp. App. Bd.*, *supra*, 2 Cal.App.3d 693; *Vogh* v. *Workmen's Comp. App. Bd.* (1968) 264 Cal.App.2d 724 [70 Cal.Rptr. 722]; *Langer* v. *Workmen's Comp. App. Bd.* (1968) 258 Cal.App.2d 400 [65 Cal.Rptr. 598].

case a 10 percent penalty shall be assessed, and a second relating to the formula for computation of that penalty. The second aspect of section 5814 has troubled courts for years, primarily because of its potential for results that are contrary to reason and sound public policy. A number of authorities, including this court, have observed that "[s]ection 5814 of the Labor Code is no model of legislative draftsmanship. Many problems are buried in its language when the realities of workmen's compensation litigation are considered." (*Langer* v. *Workmen's Comp. App. Bd.* (1968) 258 Cal.App.2d 400, 406 [65 Cal.Rptr. 598]; accord, *Gallamore, supra,* 23 Cal.3d at p. 824; *Garcia* v. *Workmen's Comp. Appeals Bd.* (1972) 6 Cal.3d 687, 689 [100 Cal.Rptr. 149, 493 P.2d 877]; *Manning* v. *Workmen's Comp. App. Bd.* (1970) 10 Cal.App.3d 655, 658 [89 Cal.Rptr. 76].)

As a result, this and other courts have consistently declined to adopt a literal construction of the statute. Although the text provides that the "full amount of the order, decision or award shall be increased by 10 percent," we have nevertheless held that some benefits timely provided should be *excluded* from the penalty assessment. In *Garcia* v. *Workmen's Comp. Appeals Bd., supra,* 6 Cal.3d 687, we held that the 10 percent penalty for delay in the payment of temporary disability benefits should not be assessed against compensation for a different type of benefit, in that case permanent disability. We adopted this rule notwithstanding the fact that section 5814 by its terms makes *no* provision for separating the decision or award into separate classes of benefits. Interestingly, we also observed in *Garcia,* albeit in dictum, that the penalty imposed for delay in providing compensation for a particular class of benefits should not be applied to timely preaward payments of the same class. (*Id.* at p. 690, fn. 2.)

*Gallamore, supra,* 23 Cal.3d 815, presented the converse of *Garcia;* the applicant argued that an unreasonable delay in the payment of permanent disability benefits required assessment of the 10 percent penalty against the aggregate award, including other classes of benefits. We rejected the contention and reaffirmed *Garcia*'s holding that "the phrase 'full amount of the . . . award' in section 5814 refers to the full amount of the award for the particular class of benefit delayed or withheld." (*Id.* at p. 826.) Any other construction, we observed, "would, in our view, lead to harsh and unfair results." *(Ibid.)*

The majority make much of our subsequent observation in *Gallamore* that, "if any part of a specific benefit has been delayed or withheld, the penalty is imposed against the *entirety* of that benefit." (23 Cal.3d at p. 827, italics added.) However, this statement was preceded by the sentence: "The statutory language, referring to the 'full' amount of an award makes no provision

for credit for any partial payment made under *compulsion* of an award." (*Ibid.*, italics added.) Thus, *Gallamore* could be read to mean simply that no credit shall be provided in the penalty assessment for timely payments made pursuant to an award, but that a credit is proper for timely payments made *before* an award. In either event, it is apparent that the *Gallamore* court was focused primarily on the question whether the statutory penalty should be assessed against the aggregate award or merely the class of benefits in which the delinquency occurred. The issue before us here, whether timely preaward payments for one type of benefit should be excluded from the penalty assessment for subsequent delays in the same class of benefits, was not clearly framed or thoughtfully considered in *Gallamore*. It serves little useful purpose, therefore, to engage in a hypertechnical analysis over the significance of which Court of Appeal decisions *Gallamore* cites with approval, where in the opinion it cites them, or to what end.

Clearly the courts in *Gallamore* and *Garcia* elected to transcend the literal language of section 5814 in favor of "achieving a fair balance between the right of the employee to prompt payment of compensation benefits, and the avoidance of imposition upon the employer or carrier of harsh and unreasonable penalties." (*Gallamore, supra,* 23 Cal.3d at p. 828.) These goals have prompted a number of lower courts to conclude that timely preaward payments should be excluded from the penalty assessment under section 5814.

Two early decisions in this line are *Langer v. Workmen's Comp. App. Bd., supra,* 258 Cal.App.2d 400 and *Vogh v. Workmen's Comp. App. Bd.* (1968) 264 Cal.App.2d 724 [70 Cal.Rptr. 722]. Unencumbered by the compulsion to tease meaning from *Gallamore* (since they predate it) both cases considered and rejected the argument that the 10 percent penalty should be assessed against timely paid preaward benefits. " 'It is obviously an incentive to the making of voluntary payments that any future penalty will not extend to them. . . . It would do little violence to section 5814 to hold that payments voluntarily made are not part of a later award, even though the order making the award purports to cover the period during which such payments are made and to give credit therefor.' " (*Vogh v. Workmen's Comp. App. Bd., supra,* 264 Cal.App.2d at pp. 728-729, quoting *Langer v. Workmen's Comp. App. Bd., supra,* 258 Cal.App.2d at p. 406, fn. 3; accord, *Garcia v. Workmen's Comp. Appeals Bd., supra,* 6 Cal.3d at p. 690, fn. 2.)

This rule was subsequently adopted and applied in *Ramsey v. Workmen's Comp. App. Bd.* (1969) 2 Cal.App.3d 693 [83 Cal.Rptr. 51], the court observing: "Section 5814 requires the penalty to be imposed on the 'full amount of the order, decision or award' and thus must be applied to prior

payments of compensation made under compulsion of an award. [Citation.] But payments voluntarily made before a hearing on a claim are not deemed to be a part of the award for penalty purposes 'even though the order making the award purports to cover the period during which such payments are made. . . .' " (*Id.* at p. 698, quoting *Langer* v. *Workmen's Comp. App. Bd.*, *supra*, 258 Cal.App.2d at p. 406, fn. 2.) Other courts have also adopted this construction of section 5814. (See *Kaminski* v. *Workers' Comp. Appeals Bd.* (1981) 126 Cal.App.3d 778, 782 [179 Cal.Rptr. 125] ["[T]he penalty applies to payments made under compulsion of award but not to payments voluntarily provided before an award is made."]; *County of Los Angeles* v. *Workers' Comp. Appeals Bd.* (*Crowe*) (1980) 103 Cal.App.3d 877 [163 Cal.Rptr. 246].)

As explained in *Vogh* v. *Workmen's Comp. App. Bd.*, *supra*, 264 Cal.App.2d 724, it is obviously an incentive to employers to the making of preaward payments and to remaining current with those payments that any future penalty will not extend to them. Conversely, if the penalty extended to timely preaward payments, an employer would have little incentive to be current because the penalty would be same whether or not the employer continued to delay. The majority's response that the possibility of multiple penalties is sufficient incentive misses the mark. As we explained in *Gallamore, supra*, 23 Cal.3d 815, "[A]dditional penalties must be preceded by the imposition of 'a first penalty' and follow a further unreasonable delay." (*Id.* at p. 823.) A single, uninterrupted failure to make preaward payments would constitute a "single act of misconduct" (*id.* at p. 824) and therefore would not be subject to multiple penalties.

The rule urged herein is not only sound from a policy perspective, as noted above, but also strikes the "fair balance" mandated in *Gallamore* between the employee's right to prompt payment and the employer's interest in the "avoidance of . . . harsh and unreasonable penalties." (23 Cal.3d at p. 828.) In *Consani* v. *Workers' Comp. Appeals Bd.* (1991) 227 Cal.App.3d 12 [277 Cal.Rptr. 619], for example, the court adopted the construction urged by the majority herein. The result was a $4,453.78 penalty on timely preaward medical payments of $44,537.81, because of a delayed payment of $1,244 for a weight-loss program. In my estimation, such a result is plainly harsh and unreasonable. Moreover, it does not effectuate the purpose of the rule—to assure the timely payment of compensation.

Nevertheless, as the majority correctly observe, when the language of a statute is clear and unambiguous its meaning should be strictly observed. Although we departed from this rule in *Gallamore, supra*, 23 Cal.3d 815, that is not sufficient reason to do so here. We have no license to correct an

unfair law, even where, as here, the inequity does not clearly reflect a conscious and considered legislative choice. As the realities of the workers' compensation system come under increasing public scrutiny, the Legislature would do well to consider the inherent injustice of section 5814.