[No. B121370. Second Dist., Div. Six. Nov. 9, 1998.]

REGINA NEEL, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, AMERICAN
STORES et al., Respondents.

**COUNSEL**

Wheeler & Beaton and Charles T. Wheeler for Petitioner.

Sobelsohn & Johnson and Michael E. Johnson for Respondents.

## OPINION

**STONE (S. J.), P. J.**—Petitioner, Regina Neel, sustained a cumulative injury to her neck, back, right knee and both arms while employed by Lucky Stores. The Workers' Compensation Appeals Board (Board) ruled that because a settlement between Neel and Lucky Stores allegedly discharged any prior compensation due or unknown claims which might arise, penalties for an unreasonable delay in the payment of pharmacy bills as agreed and pursuant to Labor Code section 5814[1] should only be assessed against future medical benefits. Neel petitions for review of the Board's order.

We hold that the penalty should be applied against all compensable medical benefits. Accordingly, we annul the Board's decision and remand for further proceedings.

### FACTS

Regina Neel sustained cumulative injury[2] to her neck, back, right knee and both arms while employed as a retail clerk at Lucky Stores from 1978 to May 17, 1988. She received various medical treatments including surgery on her right knee and physical therapy.

On November 26, 1991, Neel and Lucky Stores stipulated her permanent disability was 31½ percent, and that further medical treatment may be needed. Lucky Stores also agreed to adjust reasonable treatment liens and pay $1,088 in full and final settlement of all penalties incurred to date pursuant to section 5814.[3]

Neel required further medical care during 1994 and 1995, including medications totaling $419.62 from Baeker's Pharmacy. By letters dated July 8, 1996, and July 17, 1996, Neel requested Lucky Stores to pay the pharmacy, but the employer did not do so.

In mid-1996, the parties entered into a compromise and release settlement agreement (C&R) for $25,000, which was approved by the workers' compensation judge (WCJ) on July 25, 1996. The C&R contains the following language: "Upon approval of this compromise agreement by the Workers'

---

[1]All statutory references are to the Labor Code unless otherwise stated.

[2]Section 3208.1 defines a "cumulative injury" as that which results from repetitive events occurring during each day's work, which, in combination, cause any disability or need for medical treatment.

[3]Section 5814 states, in relevant part: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts."

Compensation Appeals Board or a workers' compensation judge and payment in accordance with the provisions hereof, said employee releases and forever discharges said employer and insurance carrier from all claims and causes of action, whether now known or ascertained, or which may hereafter arise or develop as a result of said injury . . . ."

The C&R also contained general terms setting forth that disputes of unpaid costs of self-procured medical treatment, medication costs or claims of penalty and interest were resolved. However, the employer specifically agreed to adjust outstanding balances of any medical bills if incurred prior to June 27, 1996.

On May 27, 1997, Neel requested immediate payment by Lucky Stores of the unpaid pharmacy bill pursuant to the C&R. When it was not paid, she filed a petition for penalty and requested a hearing. Lucky Stores responded that it had paid $341.23 to the pharmacy, considered the $78.39 as an appropriate official medical fee schedule reduction, and provided documentation of the payments made in 1997.

The WCJ found Lucky Stores liable for a penalty against all medical treatment paid subsequent to the C&R, reasoning that a one-year delay in payment of the pharmacy bills following Lucky's agreement to pay the costs was unreasonable. But the WCJ also determined that because the C&R settled all prior compensation, and a penalty is a form of compensation, the settlement limited the penalty to 10 percent of the benefits which thereafter remained unpaid.

Neel requested reconsideration, arguing that the penalty attaches to the entire species of benefits, including those paid voluntarily without delay or prior to a C&R. She relied on *Rhiner* v. *Worker's Comp. Appeals Bd.* (1993) 4 Cal.4th 1213 [18 Cal.Rptr.2d 129, 848 P.2d 244], which reaffirmed *Gallamore* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 815 [153 Cal.Rptr. 590, 591 P.2d 1242]. ▪ Those cases hold that to promote the prompt payment policy of section 5814, the 10 percent increase in compensation or penalty is assessed against the entire class of compensation awarded and not just the part unreasonably delayed, even if the latter is comparatively small. (*Rhiner, supra*, at pp. 1227-1228.)

In the report and recommendation on petition for reconsideration, the WCJ distinguished Neel's case from *Rhiner* and *Gallamore* because "they involved the ongoing provision of benefits and ongoing cases, whereas the case at hand is one were [*sic*] a Compromise and Release has been approved settling all normal compensation benefits."

In a two-to-one decision, the Board adopted the reasons and decision of the WCJ. The Board ruled, "The compromise and release agreement, by its terms, released and forever discharged all claims and causes of action whether then known or ascertained or which might thereafter arise or develop as a result of the alleged industrial injury. (See Paragraph 3, Compromise and Release Agreement.) By entering into this agreement, and by paying/accepting the compromise award of $25,000, the parties now operate with a 'clean slate.' The lump sum paid pursuant to the compromise and release agreement was separate and apart from defendant's agreement to adjust any outstanding balances for medical treatment costs incurred prior to June 27, 1996."

## DISCUSSION

The penalty provision of section 5814 for the unreasonable delay or refusal to pay compensation applies when there is no genuine doubt benefits are owed. (*Kerley* v. *Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 223, 229-230 [93 Cal.Rptr. 192, 481 P.2d 200]; see also *Gallamore* v. *Workers' Comp. Appeals Bd., supra,* 23 Cal.3d at pp. 821-823.)  Here, it is undisputed that the delay in payment of the pharmacy bill was unreasonable. The WCJ found Lucky Stores liable for a section 5814 penalty for that delay, a fact Lucky Stores does not contest. Nevertheless, the Board has determined that the penalty should attach only to those medical treatment costs paid *after* the settlement. We disagree.

The California Supreme Court has made clear that a section 5814 penalty "must be assessed against the entire amount ultimately awarded to the employee for the class of compensation in which the payment was unreasonably delayed or refused by the employer, without deduction of payments made by the employer before the formal award." (*Rhiner* v. *Workers' Comp. Appeals Bd., supra,* 4 Cal.4th at pp. 1227-1228, fn. omitted; accord, *Gallamore* v. *Workers' Comp. Appeals Bd., supra,* 23 Cal.3d at p. 827.) The section 5814 penalty should not be assessed against all types of benefits, however, "despite their inclusion in a single decision or award containing multiple benefits." (*Gallamore, supra,* at p. 826.) Instead, "the phrase 'full amount of the . . . award' in section 5814 refers to the full amount of the award for the particular class of benefit delayed or withheld." (*Ibid.*)

Respondent concedes that if it had failed to pay some medical bills following a decision by the WCJ, the penalty would apply to the entire class of medical benefits. But it argues that a distinction should be made in the case of a C&R which contains the general release language used here. We disagree.

Once the C&R was approved by the WCJ, it resulted in an award. (§§ 5001, 5002; Cal. Code Regs., tit. 8, § 10882.) Included in the award were other medical treatment costs, some of which had been paid and some of which had not. ▮ Delay in paying even a de minimis amount is subject to a section 5814 penalty. (*Gallamore v. Workers' Comp. Appeals Bd., supra,* 23 Cal.3d at pp. 822-823.) ▮ According to *Rhiner v. Workers' Comp. Appeals Bd., supra,* 4 Cal.4th 1213, the section 5814 penalty should have been assessed against the entire amount ultimately awarded for the class of compensation in which the payment was delayed—medical treatment costs—including those benefits paid prior to and in anticipation of an award. (4 Cal.4th at pp. 1227-1228.) The language in the C&R does not change this result.

As our Supreme Court has acknowledged, ". . . an unreasonable delay or refusal in payment that is monetarily of little consequence to an employer or carrier may be disastrous to an injured worker struggling to obtain medical treatment and to pay basic household expenses." (*Rhiner v. Workers' Comp. Appeals Bd., supra,* 4 Cal.4th at p. 1226; see also *Avalon Bay Foods v. Workers' Comp. Appeals Bd.* (1998) 18 Cal.4th 1165, 1172 [77 Cal.Rptr.2d 552, 959 P.2d 1228].) In exchange for certainty and timeliness, a worker receives benefits which are often significantly less than what she could have earned if she had not been injured. A 10 percent penalty on the full class of medical benefits may appear harsh when the amount delayed is small. But balanced against the potential harm of such delays to injured workers, the penalty is appropriate whether the delay or refusal to pay occurs after a finding and award, or after a C&R is effected.

The decision of the Board is annulled and the matter is remanded for further proceedings consistent with this opinion.

Gilbert, J., and Coffee, J., concurred.